MARCUS STEIN et al., Plaintiffs,

*vs.*

WILLIAM C. LADOW et al., Defendants, and H. D. BALDWIN, Garnishee.

1.   Under ordinary circumstances one partner has not the power, without the concurrence of his co-partner, to assign the whole property of the firm to a trustee for the payment of the partnership debts.

2.   It is however in general admitted, that if an extraordinary emergency in the affairs of the partnership occurs, and the non-assigning partner can not be consulted on account of his absence, under circumstances which furnish reasonable ground for inferring that he intended to confer upon the assigning partner authority to do any act for the firm which could be done with his concurrence if he were present, an assignment made by a single partner, if fairly made, will be presumed, *prima facie*, to be valid.

3.   It appeared in this case that the partnership of L. & I. was deeply in debt beyond its assets, and that some of its creditors were urging the payment of their claims; that at the time when I. executed the assignment in this case, L., who was the most active member of the partnership, was in Wisconsin, temporarily absent from their place of business in this State;

Stein et al., v. LaDow et al.

that his absence was unexpectedly protracted; that his return was daily looked for, and that he did return within three or four days after the execution of the assignment. *Held*, that these facts are not sufficient to support the assignment.

4. Though an assignment made by one partner may be rendered valid by the ratification of the same by the non-executing partner, such ratification can not take away the rights of creditors who have att ached the property assigned, intervening the time of. the execution of the assignment and the time of its ratification.

This action was commenced in the District Court for Waseca county on the 17th day of November, 1866, and on the same day garnishee summons was served on the garnishee. Judgment was entered against the defendants by default. The garnishee, in his disclosure, denied having the possession or control of any property, money or effects of the defendants, except such as came to his possession on the 13th day of November, 1866, by virtue of a certain deed of assignment executed to him by Samuel T. Isaacs, one of the defendants. Whereupon the plaintiffs, obtaining leave of the Court therefor, filed a supplemental complaint, making the garnishee a party, in which they ask to have the assignment declared fraudulent and void, and set aside. The defendants did not appear. Issue was joined by the garnishee, and the cause tried before a jury. The facts as they appear from the admissions of the pleadings and the evidence, are substantially as follows: The defendants, William C. La Dow and Samuel T. Isaacs, were partners engaged in the mercantile business at Wilton, Minn. On the 13th day of November, 1866, said Isaacs, without the knowledge or consent of his co-partner, executed to the garnishee a general assignment of all the partnership property in trust for the payment of the debts of the firm, specifying certain ones to be first paid in full, and the garnishee at once took possession of the property. At the time the assignment was made the firm was deeply in

debt beyond its assets; some of the creditors were urging the payment of their claims; La Dow, who was the most active member of the firm, was in the State of Wisconsin, temporarily absent from their place of business; his absence had been unexpectedly protracted, but his return was daily looked for, and he did return three or four days after the execution of the assignment, and on the 22d day of November, 1866, after the service of the garnishee summons, ratified the assignment in writing. The jury returned a verdict for the garnishee; whereupon the plaintiffs moved the Court for a new trial, on the ground, among others, "that the verdict is not justified by the evidence, and is against law." The Court denied the motion, and plaintiffs excepted. Judgment was entered and the plaintiffs appeal therefrom to this Court.

BATCHELDER & BUCKHAM for Appellants.

G. E. COLE for Respondents.

*By the Court*—BERRY, J.—As to the power of one partner, without the concurrence of his co-partner, to assign the whole property of the firm to a trustee to pay the partnership debts, there is no little conflict of opinion among Courts and text writers. 1 *Parsons' Contracts*, 178 ; 1 *Am. L. Cases*, 444.

On the one hand it is said by Ch. J. Marshall, that the right of one partner to bind another in this way results from his general power over the partnership property, and that as one partner may sell the whole property for money, or on credit, no good reason can be given why he may not assign the whole in trust for the payment of the debts of the firm. *Anderson vs. Tompkins*, 1 *Brock.*, 456.

On the other hand it is said that the assignment is a virtual dissolution of the partnership; that it is no part of the ordinary business of a partnership to appoint a trustee of the

effects of the concern, for the purpose of selling and distributing the proceeds of sale among the creditors; that it takes the property and business of the firm out of the hands of its members, and subjects them to the control of a third person, and that under ordinary circumstances there is nothing in the nature of the contract of partnership from which the assent of the non-executing partner to such a transaction can be implied. *Burrill on Assignments, Ch.* 4; *Wells vs. March,* 30 *N. Y.,* 349.

We are of opinion that the latter is the most rational view of the subject. It is however in general admitted, that while a single partner may not, under ordinary circumstances, without the assent of his co-partner, assign the firm property to a trustee for the benefit of the creditors, yet if an extraordinary emergency occurs in the affairs of the partnership, and the non-assigning partner can not be consulted on account of his absence, under circumstances which furnish reasonable ground for inferring that he intended to confer upon the assigning partner authority to do any act for the firm which could be done with his concurrence if he were present, such an assignment if fairly made, will be presumed, *prima facie,* to be valid. And the existence of circumstances justifying such assignment by a single partner has been recognized where the firm being involved, pressed, and unable to meet its engagements, the non-executing partner was, at the time when the assignment was made, absent from the place of partnership business, in another and distant State, or in a foreign country, residing permanently in such State or country, or employed there in the affairs of the firm, and entrusting the active management of the partnership concerns at its place of business to the assigning partner, or expecting to be absent for a considerable length of time, or has absconded leaving the assigning partner to bear the burdens of the firm,

and to make his way out of its embarrassments as best he can. See cases referred to in *Burrell on Assignments*, *Ch.* 4; 1 *American L. Cases*, 444.

But we are of opinion that the case at bar presents no circumstances which can be held sufficient to support the assignment in this instance.

While it appears that the firm of La Dow & Isaacs, the principal defendant, was deeply in debt beyond its assets, and that some of its creditors were urging the payment of their claims, it further appears that at the same time when Isaacs executed the assignment, La Dow, who was the most active member of the partnership, was in the State of Wisconsin, temporarily absent from their place of business; that his absence was unexpectedly protracted; that his return was daily looked for, and that he did return within three or four days after the execution of the assignment. We find no case in which it is held that such a state of things is sufficient. We think it could not reasonably be inferred that La Dow's absence was of such a character as to show that he intended to invest Isaacs with the extraordinary power which the latter attempted to exercise in this instance, or to raise the presumption of a necessity so pressing as to authorize Isaacs to make this assignment without consulting his partner. It is, however, insisted that the case is relieved of all difficulty by the subsequent ratification of the assignment by La Dow. That the non-executing partner may ratify an assignment made by his co-partner without his concurrence, and thereby render it valid, is generally agreed. *Burrill on Assignments*, 42; *Welles vs. March*, 30 *N. Y.*, 351. But the ratification cannot be permitted to relate so as to destroy rights which have accrued intervening the time of the original execution of the assignment, and the time of its subsequent ratification. *Bradford vs. Tappan*, 11 *Pick.*, 76; *Bagley vs. Bryant*, 24

*Pick.*, 198. The ratification in this case, then, cannot take away the rights of the plaintiffs, since the assignment was executed on the 13th day of November, the garnishee summons served upon the assignee and appellant Baldwin on the 17th day of November, and the assignment ratified by La Dow on the 22d day of the same month. From the foregoing views it follows, that as against the plaintiffs the assignment was void, and the judgment appealed from must be reversed.