KANKAKEE COUNTY (WARRENER v.). See Case No. 17,205.

KANOUSE (MARTIN v.). See Case No. 9,-162.

KANOWRS (REUTGEN v.). See Case No. 11,710.

KANSAS CITY PUB. CO. (FARMERS' & DROVERS' SAV. BANK v.). See Case No. 4,652.

———

## Case No. 7,610.

In re KANSAS CITY STONE, ETC., CO.

[9 N. B. R. 76.][1]

District Court, W. D. Missouri. 1873.

BANKRUPTCY — PREFERENCE BY CORPORATION — RATIFICATION WITHIN FOUR MONTHS OF COMMENCEMENT OF BANKRUPTCY PROCEEDINGS.

Where an officer of a corporation, without authority, executed a deed of trust of its property as security for a negotiable instrument more than four months prior to commencement of proceedings in bankruptcy, and his act is afterwards ratified by the corporation, but within the four months prior to commencement of the proceedings, the validity of the deed must be determined by the circumstances existing at the time of the ratification, and not by those of the time of the original execution.

In bankruptcy.

Karnes & Ess, for the bank.

Even W. Kimball and John D. S. Cook, for assignee.

CRAVENS, J.[2] On August the 28th, 1873, the First National Bank of Kansas City filed the deposition of its president in proof of a secured claim for allowance against the estate of the bankrupt. The claim is based upon a negotiable promissory note as follows: "Kansas City, Mo., February 17th, 1872. On the 17th day of February, 1873, the Kansas City Stone & Marble Manufacturing Company promise to pay to James Sheridan, or order, six thousand dollars with interest at ten per cent. per annum, for value received. (Signed) J. F. Kinney, Prest. Kansas City Stone & Marble Mfg. Co."—which was, by the payee, endorsed to the bank. To this note is affixed an impression seal, in which are impressed the words "Kansas City Stone & Marble Manufacturing Co.," but the instrument does not purport to have been made under seal. Affixing the seal made nothing more of the note than it would have been without it—a simple contract. The security relied upon is an instrument dated February 17th, 1872, which begins: "This deed of trust made and entered into this 17th day of February, 1872, by and between the Kansas City Stone & Marble Manufacturing Co. of the first part, and B. J. Sheridan of the second part, and James Sheridan of the third part, witnesseth, that the said parties of the first part, in consideration of the debt and trust hereinafter mentioned and created, and of the sum of six thousand dollars to them paid by the said party of the second part;" (then follow words of grant and a description of the property conveyed to said B. J. Sheridan) "in trust, however, for the following purposes: Whereas the said Kansas City Stone & Marble Manufacturing Company did, on the 17th day of February, 1872, make and deliver to said James Sheridan his promissory note in the words and figures as follows" (the same as that herein before copied) "In witness whereof, we, the said parties, have hereunto subscribed our names, and affixed our seals this 17th day of February, 1872. (Signed) J. F. Kinney, Prest. Kansas City Stone & Marble Mfg. Co. (Seal.) B. J. Sheridan, Secretary of Company. (Seal.)" To this instrument, but remote from the signatures, is affixed an impression seal, identical with that affixed to the note, and already described.

———

[1] [Reprinted by permission.]

[2] [J. K. Cravens was master in chancery of the United States district court for the Western district of Missouri.]

The certificate of acknowledgment is informal, and if the assignee was a bona fide purchaser for value, might present important questions, but as the assignee is a grantee with full notice he is possessed of no greater interest or right, so far as these questions are concerned, than the bankrupt had. As a deed of the bankrupt without any certificate of acknowledgment would have been good against the bankrupt, Caldwell v. Head, 17 Mo. 561; Cooley v. Rankin, 11 Mo. 642, so it would be good against its assignee.

The claim being contested, the claimant and the assignee appeared before the register, and a very full and extended investigation was had. Many points were made in argument which I find it unnecessary to ·pass upon.

First. Is the claimant entitled to the allowance of the claim which it presents against the bankrupt? The note is negotiable in form, and the testimony is conclusive that the signature is that of the president of the corporation. The note upon its face purports to make the promise that of the company. It was endorsed to the claimant for value, in the month of April, 1872. It devolved upon the assignee to show that no consideration was given to the bankrupt for the promise, or that it had failed, and that of this fact the bank had knowledge when it took the note. This he failed to do. The claim of the bank is then provable against the bankrupt, and must be allowed.

Second. Is the claimant entitled to hold the security which it claims by deed of trust upon the property of the bankrupt? This branch of the case presents more difficulties. The testimony shows beyond question that the signature to the instrument which is relied upon as the deed of trust of the company is the signature of its president, and that the impression seal upon it is the seal of the company. The instrument does not purport to have been made under the seal of the corporation, nor is the seal of the corporation called to witness its execution, nor is it essential that it should. The signature is not that of the corporation "by ——, its president" nor is that required. When the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, courts are to presume that the officers did not exceed their authority, and the seal itself is prima facie evidence that it was affixed by proper authority. The contrary must be shown by the objecting party. Ang. & A. Corp. § 224. The real estate covered by the deed of trust is situated in the state of Missouri, and by the statute concerning conveyances (Gen. St. p. 444. § 5), "any private corporation authorized to hold real estate may convey the same by deed sealed with the common seal of such corporation and signed by the president thereof." The seal of the corporation and the signature of the president having been proved, the requirements of the statute appear to have

been complied with. This being the condition of the instrument when filed in support of the claim for security, it is to be presumed to have been executed with authority, and that the seal is there rightfully; and as a sequence the instrument is prima facie the deed of trust of the corporation. Chouquette v. Barada, 33 Mo. 249; Koehler v. Black River Falls Iron Co., 2 Black [67 U. S.] 715. This presumption, however, is not conclusive, and the evidence shows that on the 17th day of February, the date of the instrument, the president had no authority to execute it. A meeting of the board of directors of the company was held on the 8th of April, 1872, from the record of which it appears that there was present a quorum of directors, and, "on motion, the action of president of the company in borrowing six thousand dollars from James Sheridan and securing the same by mortgage on lots one, two, three and four in' Turner's Addition, West Kansas City, including buildings and machinery thereon, be approved.—Carried." Much of the testimony taken was directed to the point whether one of the directors named in the record was in fact present and acting as a director when the vote on approval of the deed of trust was taken. The testimony shows that the record of the meeting of April 8th was shown to the officer of the bank at the time the note and deed were transferred to it. As against the rights of the bank or the rights of anyone who saw that record, and in good faith relied upon it, and so relying, parted with value, the bankrupt and its assignee will be estopped from proving that it is untrue. Estoppel in pais presupposes an error or a fault. and implies an act in itself invalid. The rule proceeds upon the consideration that the author of the misfortune shall not himself escape the consequences and cast the burden upon another. Those who created the trust. appointed the trustee, and clothed him with the powers that enabled him to mislead, if there was any misleading, ought to suffer rather than the other party. The ethics and the law of the case alike require this result. Merchants' Bank v. State Bank. 10 Wall. [77 U. S.] 644. The burden was upon the assignee to show that the bank took with notice that the record was false, and in this failed. The conclusion reached is, that the instrument relied upon for security is the deed of trust of the bankrupt corporation, and that the assignee is concluded by it to the extent to which it would be binding upon the bankrupt, unless there is some provision of the bankrupt law [of 1867: 14 Stat. 517], which the deed itself contravenes. The deed of trust bears date February 17th. 1872. Upon the facts found it was not then in fact the deed of trust of the corporation. nor did it become so until the approval by the board of directors. April 8th. 1872. and of this fact the bank, through its officer who took the security. had notice. The petition for adjudication of bankruptcy was filed June 26th,

1872, more than four months after the date of the deed, but within four months from the date of its approval. It is the general doctrine that ratification relates back to the inception of the transaction, and has a complete retro-active efficacy, and that the ratified act is to be treated as if it were originally authorized by the principal. But this doctrine is a fiction of the law, for the act of one cannot be made the act of another, but by relation the law gives to the act of one the effect of an act of another; the law will not feign a fiction to do a wrong, to make valid an invalid act, or to defeat the rights of others, and hence this doctrine cannot be extended to the prejudice of strangers to the transaction. In Fleckner v. Bank of U. S., 8 Wheat. [21 U. S.] 338, there had been a ratification, and Judge Story, delivering the opinion of the court, held the act binding upon the bank, and upon all other persons who have not an adverse interest; that no maxim is better settled, in reason and law, than omnis ratihabitio retrotrahitur, etc., at all events, where it does not prejudice the rights of strangers. The language of Judge Story is adopted by Mr. Broom, in his Legal Maxims. In Stoddart v. U. S., 4 Ct. Cl. 511, it was held, the law will not admit a ratification of the acts of an agent which will defeat the intervening rights of a third party. See Wood v. McCain, 7 Ala. 800; Taylor v. Robinson, 14 Cal. 396; Parmelee v. Simpson, 5 Wall. [72 U. S.] 81. This must be the law, else that doctrine which has been built for the protection of those dealing with agents will be converted into an instrument of fraud to defeat the equities of others. The strangers and third parties in the present case are the other creditors of the bankrupt. Of these the assignee is the trustee, and for their benefit the ratification will not be permitted to relate so as to bind him.

As the doctrine of relation is a fiction of the law, and the law will not feign a fiction to make valid an invalid act, the act of ratification, to relate, must take place at a time, and under circumstances, when the ratifying party might himself have lawfully done the act which he ratifies. In McCracken v. City of San Francisco, 16 Cal. 624, Field, C. J., said: "It follows, also, from the general doctrine, that a ratification is equivalent to previous authority; that a ratification can only be made when the principal possesses at the time the power to do the act ratified. He must be able, at the time, to make the contract to which by his ratification he gives validity. The ratification is the first proceeding by which he becomes a party to the transaction, and he cannot acquire or confer the rights resulting from that transaction, unless in a position to enter directly upon a similar transaction himself," and the very forcible illustration is given that a contract made upon an assumed agency for a single woman cannot be ratified by her alone after marriage, for her power to contract

alone ceases with her marriage. The doctrine here stated is fully discussed in Bird v. Brown. 4 Welsb. H. & G. 786. While it must be held that the bank took the note freed from any question as to its consideration, the security passed with it only as an incident. The security was not negotiable in its character, and it is by the doctrines of courts of equity, and not by the law merchant, that the security passed to the bank. While the law merchant protects the bank in its dealing with the holder of negotiable paper, it does not throw any protection about the security, except when the security is of a negotiable character. If the security would have been subject to any defense in the hands of the original holder of the note, it is subject to the same defense when asserted by the endorser of the note. If the security was liable to be defeated, if asserted by the original holder of the note, by any provision of the bankrupt law, it is liable to be defeated by the same provision when asserted by the bank. Otherwise a creditor of an insolvent would have it within his power to deliberately absorb all the estate of the insolvent upon the eve of bankruptcy, and by a transfer of the secured debt for value, to an innocent purchaser, obtain substantially full satisfaction of his demand by means of the preference which would be fraudulent if asserted by himself, but to which the other creditors must submit when asserted by the transferee. The indebtedness for which the note was given, if it was in fact the indebtedness of the corporation bankrupt, had been of long standing, and this was known to B. J. Sheridan, who was the agent of the payee, trustee in the deed of trust, and member of the board of directors of the corporation. The deed of trust covered almost the entire property of the bankrupt. That the deed of trust was a preference, and a fraud, within the prohibition of section 35 of the bankrupt law, while in the hands of James Sheridan, is as certain as that four months did not intervene between the 8th of April and the 26th of June. But the bank did not exact the security from the bankrupt, it took it as an incident to the note which it took from James Sheridan, and while it will not be permitted to avail itself of the security, its effort to prove it will not be held to defeat its claim upon the note. Security rejected.

KANSAS CITY TIMES CO. (BAKER v.). See Case No. 773.

KANSAS PAC. RY. CO. (ARAPAHOE COUNTY v.). See Case No. 502.

KANSAS PAC. RY. CO. (MEIER v.). See Cases Nos. 9,394 and 9,395.

KANSAS PAC. RY. CO. (STEVENS v.). See Case No. 13,401.

KANSAS PAC. RY. CO. (UNITED STATES v.). See Cases Nos. 15,505 and 15,506.

KANSAS PAC. RY. CO. (WASHINGTON IMP. CO. v.). See Case No. 17,242.