## Case No. 15,128.

### UNITED STATES v. FOOTE.

-[13 Blatchf. 418.] [1]

Circuit Court. S. D. New York. June 17, 1876.

Post Office — Obscene Matter — "Notice" — Indictment.

1. In an indictment under section 3893 of the Revised Statutes, charging the defendant with depositing in the mail an obscene pamphlet. and also with depositing in the mail a notice giving information how an article designed for the prevention of conception can be obtained, it is not necessary or proper that the indictment should give a definite or detailed description of the pamphlet.

[Cited in U. S. v. Grimm, 45 Fed. 560.]

2. Sufficient information as to the particular article about which evidence is to be given can be obtained by an order for a bill of particulars, and for the exhibition to the defendant of the article itself.

[Cited in U. S. v. Bennett, Case No. 14,571.]

3. A notice in the form of a letter enclosed in a sealed envelope, if it gives the prohibited information, is within the scope of the statute.

[Cited in U. S. v. Gaylord, 17 Fed. 443; U. S. v. Huggett, 40 Fed. 637.]

4. A written slip of paper, without address or signature, giving the prohibited information, is a "notice," within the meaning of the statute, although not volunteered, but sent in reply to a letter asking for the information.

[This was an indictment against Edward B. Foote.]

Benjamin B. Foster, Asst. U. S. Dist. Atty. Thomas Harland, for defendant.

BENEDICT, District Judge. This case comes before the court upon a motion to quash an indictment. The questions argued by the counsel are presented to the court upon the indictment, and the bill of particulars filed by the prosecution, in which the accused is charged, under section 3893 of the Revised Statutes, with depositing, and causing to be deposited, in the mail, an obscene pamphlet, and, also, in a different count. with depositing in the mail a notice giving information how an article designed for the prevention of conception can be obtained.

The first ground of objection taken to the indictment is, that it fails to give a definite description of the pamphlet alleged to have been mailed. In respect to this ground of objection, I have only to repeat what I have had occasion many times to say in court, that, in cases of this description, it is neither necessary nor proper to pollute the rec-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ord by a detailed description of obscene matter, and, where the grand jury omit a definite description of the matter, by reason of its obscene and filthy character, such omission furnishes no ground of objection to the indictment. Sufficient information as to the particular article about which evidence is to be given, can be obtained by an order for a bill of particulars, and for the exhibition to the defendant of the article itself. This practice has been repeatedly followed, and has been found adequate to the protection of the accused, while, at the same time, to a certain extent. it prevents the proceedings from being the vehicle of spreading obscenity before the public. The accused, his counsel, the district attorney, the jury and the. court must necessarily have knowledge of the obscene matter forming the subject of the charge. Experience has shown that it is entirely possible to go through with a trial of this character without extending that knowledge beyond the limits indicated, and at the same time do full justice.

The next objection raises the question, whether a notice giving information when or how the prohibited articles may be obtained is within the scope of the statute, when such notice is in the form of a letter enclosed in a sealed envelope. The argument is, that no public information is given by such a letter, and that the subsequent mention in the statute, of letters on the envelope of which indecent matter is written, indicates an intention not to interfere with letters by reason of their contents, and shows that the word "notice" was not intended to cover a letter enclosed in an envelope. I cannot accede to this construction. The object of the statute is not to protect the morals of post office employees, but to prevent the mails of the United States from being the effectual aid of persons engaged in a nefarious business, by means used to distribute their obscene wares. To exclude from the statute all letters which, to the outward appearance, are harmless, would destroy its efficacy, for, everything would then take the form of a sealed letter. It is not the form in which the matter is mailed, but the character of the matter itself, which fixes the criminality of the act.

The last ground of objection rests upon the fact, admitted here, that the subject-matter charged in the indictment as a notice was a written slip of paper, without address or signature, mailed by the accused in answer to a letter received by him asking for the information which is given in writing upon the slip of paper. It is not disputed that the writing on the slip gives information as to how one of the prohibited articles may be obtained, but it is contended that such a writing is not a "notice," within the meaning of the statute, because it was not volunteered. but sent in reply to an inquiry. No such limited signification as is contended for can be given to the word "notice." "Notice" means "information, by whatever means communicated; knowledge given or received;" also, "a paper that communicates information." Webster's and Worcester's Dictionaries. The paper in question is within this definition. It gives the information specified by the act, and is plainly within the statute, for, by its terms. the statute covers every kind of notice, whereby is given, either directly or indirectly, information such as this slip affords.

It is said, that, unless some such limitation be given to the language of the statute, medical advice given by a physician in reply to the inquiry of a patient would be excluded from the mails. It is not seen that any considerable inconvenience would arise if such were the result, as other means of communication may be resorted to by physicians, while it is plain that any attempt to exclude information given by medical men from the operation of the statute would afford an easy way of nullifying the law. If the intention had been to exclude the communications of physicians from the operation of the act, it was, certainly, easy to say so. In the absence of any words of limitation, the language used must be given its full and natural significance, and held to exclude from the mails every form of notice whereby the prohibited information is conveyed.