Coleman and others, Respondents, vs. Darling, Garnishee, etc., Appellant.

*March 19 — May 15, 1886.*

VOLUNTARY ASSIGNMENT: PARTNERSHIP. *(1) Assignment by one partner. (2–4) Ratification by copartners: Evidence: Garnishment.*

1. One partner has no power, while his copartners are at the place of business of the firm, to make a general assignment of the partnership property without their consent.
2. The subsequent ratification by the copartners of an assignment so made will validate it as to all persons who have not acquired any rights to the property between the date of the assignment and the date of the ratification, but not as to persons who have so acquired such rights.
3. Evidence showing that a partner, though he did not actively object to the assignee taking possession of the property, yet declined to sign a written assent to the assignment and refused to do anything about it until he had consulted a lawyer, and that he did not in fact sign the written consent until after a garnishee summons had been served on the assignee, is *held* to sustain a finding that he did not ratify the assignment until after the service of such summons.
4. In garnishment proceedings against one who claims as assignee for the benefit of the creditors of the principal defendants, the declarations of one of such defendants as to his consent to the assignment are admissible against the garnishee.

APPEAL from the Circuit Court for *Portage* County.
The facts are stated in the opinion.

For the appellant the cause was submitted on the brief of *G. W. Cate* and *L. A. Pradt.* They contended, *inter alia,*

that the testimony of witnesses as to conversations with Haverland, one of the defendants in the principal action, were improperly admitted to show that Rosenfeld did not have authority to execute the assignment. Haverland was not properly a party to the issue then being tried. That issue is, practically, between plaintiffs and the general creditors of the defendants, represented by the assignee — the garnishee herein. On this theory the testimony as to the statements of Haverland was mere hearsay. For the same reason the deposition of Haverland was erroneously admitted, being taken as the deposition of a *party* " otherwise than as a witness;" also because the statute under which it was taken (sec. 4096, R. S.), does not make such deposition evidence. It is not taken under the law of evidence, but is a special proceeding.

For the respondents there was a brief by *Jones & Sanborn*, and oral argument by *Mr. Jones*. To the point that the assignment was invalid because the partners of Rosenfeld, though at their place of business, within convenient reach, and where they might have been consulted, did not join in the execution of the assignment or assent to it, they cited *Brooks v. Sullivan*, 32 Wis. 444; *Rumery v. McCulloch*, 54 id. 565; *Deming v. Colt*, 3 Sandf. 284; *Pettee v. Orser*, 6 Bosw. 123; *Stein v. La Dow*, 13 Minn. 412; Burrill on Assignments (4th ed.), sec. 86; Collyer on Partn. (6th ed.), 654; *Sullivan v. Smith*, 15 Neb. 476; *Loeb v. Pierpoint*, 58 Iowa, 469; *Kirby v. Ingersoll*, 1 Doug. (Mich.), 477; *Holland v. Drake*, 29 Ohio St. 441.

TAYLOR, J. The respondents commenced an action against Rosenfeld and others to recover in an action upon contract; and in such action the appellant was summoned as garnishee, it being alleged in the affidavit for the garnishee summons that the appellant had property and money in his hands belonging to the defendants, Rosenfeld and

others.  In the garnishee action the appellant answered,
denying any liability as garnishee, and setting up that the
property in his hands, which formerly belonged to the de-
fendants, came to his possession and was held by him as
assignee for the benefit of the creditors of the said defend-
ants before the garnishee summons in the action was served
on him.  The only question to be determined on this appeal
is whether the assignment to the appellant was void as to
these respondents at the time the garnishee summons was
served.  The circuit court held the assignment void as to
the respondents, and gave judgment against the appellant,
and from such judgment the assignee appeals to this court.

The circuit judge found as facts " that Robert Rosenfeld
was not authorized by his copartners to execute said assign-
ment, and that the defendant Charles Haverland did not
consent to or ratify the act of his copartner Robert Rosen-
feld in making said assignment, until after the service of
the garnishee process herein, which process was served June
24, 1885, and that said Charles Haverland was present at
Unity, conducting his part of the business of the firm, at the
time said assignment was made, but was not consulted by
his partners in relation to the advisability of making it, and
knew nothing of the execution until the morning of June
23, 1885;" and "that the affidavit of the nominal value of
the assets of the assignors, which is required by section 1694
of the Revised Statutes for the year 1878 to be made by the
assignors and one or more witnesses, was made by Robert
Rosenfeld, one of the assignors only, and by F. H. Darling,
the assignee, as the only witness."  These are the only facts
material to the determination of the questions involved in
this appeal.

As a matter of law the circuit judge found " that the as-
signment is fraudulent and void in law, and conveys no title
to the assignee."  The learned circuit judge does not state
whether the assignment was void in law because made by

the one partner without the assent of the others, or because the affidavit of the nominal value of the assets was not made as required by law. As we have come to the conclusion that, as to the respondents in this action, the assignment was void in law because the assignment was made by one partner without the consent or ratification of the assignment by one of the other partners until after the garnishee process in this action was served on the appellant, and that the judgment of the circuit court must be affirmed for that reason, we are not called upon in this case to determine whether the assignment is void in law as to the other creditors of the assignors who had not commenced proceedings against the assignee until after the same was ratified by all the partners, on account of the supposed insufficiency of the affidavit as to the value of the assets.

The evidence shows that the assignors were a partnership, that the members of the firm were Robert Rosenfeld, E. D. Newman, and Charles Haverland, and, at the time the assignment was made, they were doing business at Unity, in this state. The assignment was made by Robert Rosenfeld alone, at Wausau, in this state, on the 22d day of June, 1885. The other partners were at that time at their place of business, and knew nothing of the assignment until the 23d of June, at which time E. D. Newman assented to the assignment as made by Rosenfeld on behalf of the firm. The other partner, Haverland, did not then assent to or ratify the same, but after the garnishee process in this case had been served he did consent to the assignment and ratify the same. We think the finding of the court that the assignment was not assented to or ratified by Haverland until after the garnishee process in this case was served upon the garnishee is fully sustained by the evidence. Such finding being sustained by the evidence, the assignment was clearly void at the time it was made. See *Brooks v. Sullivan*, 32 Wis. 444; *Rumery v. McCulloch*, 54 Wis. 565–571.

In the case of *Brooks v. Sullivan* this court say: "The law seems to be well settled that one partner has no power, when the other partners are present, to execute a general assignment of the partnership property, without the consent of the other members of the firm." This statement of the law is sustained by a long line of authorities, some of which are cited in the brief of the learned counsel for the respondents. The rule is not changed in this case because the partner making the assignment was in Wausau, away from their place of business, while the partners not signing were at their place of business. It could not help the validity of the assignment that the partner making the same went away from their place of business to make the same, and then made it without consultation with the other partners, who remained at their usual place of business. Such act on the part of the assigning partner would rather be a fact tending to show a want of authority on his part to act for the firm in making the same. See Burrill on Assignments (2d ed.), § 86, and cases cited. Under the decisions of this court, and by the great weight of authority in other courts, there can be no doubt that this assignment, when made at Wausau by one of the partners, without any consultation with the other partners, was void in law as to the creditors of the firm.

And the only other question in the case is whether the subsequent ratification of the assignment by the other partners, made after the respondents had served their garnishee process in this case, would relate back and make the assignment good from its date as against them. There can be no doubt but that such subsequent ratification would validate the assignment, if valid in other respects, as to all persons who had not acquired any right to the property assigned intermediate the date of the assignment and the date of the ratification; but as to parties who have acquired such rights, by attachment or by garnishment, before the ratification,

there is every reason for holding that such ratification cannot, as to them, make the assignment valid from its date. The rule of law in such case is clearly stated in the opinion in *Cook v. Tullis*, 18 Wall. 332–338. " The ratification acts upon the act ratified precisely as though the authority to do the act had been previously given, except when the rights of third parties have intervened between the act and the ratification. The retroactive efficacy of the ratification is subject to this qualification: the intervening rights of third persons cannot be defeated by the ratification." The same doctrine is laid down in the following cases, cited in the brief of the respondents: *Holland v. Drake*, 29 Ohio St. 441; *Stein v. La Dow*, 13 Minn. 412; *Sturtevant v. Robinson*, 18 Pick. 175. The rule is so eminently just that it does not need the citation of authorities to sustain it.

The learned counsel for the appellant does not question the rule of law as above stated, but he attacks the finding of the court that the assignment was not ratified until after the garnishee summons was served. The only ground for saying that the partner Haverland consented to the assignment or ratified it before the garnishee summons was served, is the fact that he knew the fact that it had been made, and did not actively object to the assignee's taking possession under it. The evidence, shows, however, that he declined to sign a written assent to such assignment, and refused to do anything about it until he had consulted a lawyer; and, after having considered the matter, he says he concluded to consent to the assignment, and did so. This was after the garnishee summons had been served. The garnishee summons was served on the 24th of June, and the written consent to the assignment could not have been signed earlier than the evening of the 24th or morning of the 25th of June. We think the finding of the court is sustained by the evidence.

The objections to the evidence, taken by the garnishee,

we think were properly overruled. The evidence was all pertinent upon the question of consent and ratification by Haverland.

*By the Court.*— The judgment of the circuit court is affirmed.