SABIN v. CAMP.

(Circuit Court, D. Oregon. January 8, 1900.)

No. 2,545.

BANKRUPTCY—PREFERENCES—TRANSFER OF PROPERTY PURSUANT TO PRIOR CONTRACT.

A transfer of property to a creditor by a debtor within four months prior to his adjudication as a bankrupt does not constitute a preference under the bankruptcy law, in the absence of fraud, where the transfer was made pursuant to the terms of a prior contract under which the transferee advanced the money with which the property was acquired, reserving a lien thereon, and the option, in case of default in payment, to purchase the property at a fixed price, deducting therefrom his advances.

This is an action by a trustee in bankruptcy to recover the purchase price of property sold by the bankrupt to a creditor. On demurrer to answer.

Bauer & Green, for plaintiff.
Pipes & Tifft, for defendant.

BELLINGER, District Judge. In October, 1897, the Colby Company negotiated with Camp for an advance of not less than $5,000 or more than $5,500, to enable such company to secure a lease, and furnish what is known as the "Fredericksburg Café and Music Hall." In January of 1898, and from that time until June following, the defendant loaned money to the Colby Company, in pursuance of this agreement, to the aggregate amount of $5,400. It was a part of the original agreement made in 1897 that the Colby Company should pay the sums of money advanced on demand, after six months from the first loan, and that in default of a payment the company would give the defendant possession of the premises to secure him for repayment; and it was also provided that, if the money was not paid, the defendant should have the option to buy all the property for a sum not less

than $7,500, nor to exceed $8,000, and that part of the purchase price should be the sums of money so loaned and unpaid. It is alleged that, the company not having made the repayments as provided for, the defendant, after demand, went into possession of the property under his contract, and so remained until September, 1898, when he exercised his option to buy it, there being then due him $5,675.26; that he paid the further sum of $2,500 in cash to the Colby Company, and took from it a bill of sale for the property, and thereupon the defendant took an assignment from the company of the lease to the premises to be so occupied. On December 28, 1898, a petition in involuntary bankruptcy was filed against the Colby Company, and the plaintiff in this suit was appointed trustee, in which capacity he begun this proceeding. The plaintiff adopts the sale made by the Colby Company to the defendant, and seeks to recover from defendant the amount of the purchase price of the property in such sale. To the answer of the defendant setting forth the foregoing facts, the plaintiff demurs. The demurrer is overruled.

The transfer by the Colby Company to Camp was not a preference under the bankruptcy act. It is true, the transaction was consummated within the four months, but it originated in October, 1897. What was done was in pursuance of the pre-existing contract, to which no objection is made. Camp furnished the money out of which the property which is the subject of the sale to him was created. He had good right, in equity and in law, to make provisions for the security of the money so advanced, and the property purchased by his money is a legitimate security and one frequently employed. There is always a strong equity in favor of a lien by one who advances money upon the property which is the product of the money so advanced. This was what the parties intended at the time, and to this, as already stated, there is, and can be, no objection in law or in morals. And so when, at a later date, but still prior to the filing of the petition in bankruptcy, Camp exercised his rights under this valid and equitable arrangement to possess himself of the property and make sale of it in pursuance of his contract, he was not guilty of securing a preference under the bankruptcy law. It is not pretended that the sale was for an inadequate price, or that there was any fraud, or that the interests of the creditors have been in any way injuriously affected, any further than it may be to the interests of the creditors to secure to their own benefit the property purchased with Camp's money