### In re FARMERS' SUPPLY CO.

(District Court, S. D. Ohio, W. D. May 6, 1909.)

No. 4,044.

1. COURTS (§ 338*) — FEDERAL COURTS—SUIT BY PARTNERSHIP—CONFORMITY TO STATE PRACTICE.

Rev. St. Ohio, §§ 3170–1 to 3170–7, provides that every partnership, with certain exceptions, transacting business in Ohio under a fictitious name or designation not showing the names of the persons interested as partners, must file in the county of its principal place of business a certificate stating the name and residence of each partner, and, in case of its failure to do so, shall not commence or maintain an action on, or on account of, any contracts made or transactions had in their partnership name in any court in the state until they have filed such certificate. *Held*, that a partnership's failure to comply with such act only affected its right to sue in the state courts, and did not impair or restrict the jurisdiction of the federal courts conferred by the federal Constitution and statutes.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 901; Dec. Dig. § 338.*]

2. MECHANICS' LIENS (§ 156*)—NOTICE OF LIEN—FORM OF "NOTICE."

Rev. St. Ohio, § 3185, provides that, within 30 days after a principal contractor shall have filed an affidavit for a mechanic's lien on the owner's property, he shall notify the owner, his agent or attorney, that he claims such lien, and, if he fails to do so, the lien shall be null and void. *Held*, that "notice" as so used meant information by whatever means communicated, knowledge given or received; and, written notice not being expressly required, oral notice was sufficient.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 187; Dec. Dig. § 156.*

For other definitions, see Words and Phrases, vol. 5, pp. 4839–4844; vol. 8, p. 7733.]

CORPORATIONS (§ 477*)—SEALS—FAILURE TO USE—MORTGAGES.

Where a corporation had power to execute a mortgage, and there was neither a statutory nor charter provision directing the mode of procedure, the mortgage having been executed in the same manner as that of an individual, it was not defeated for want of the corporate seal.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1860; Dec. Dig. § 477.*]

4. BANKRUPTCY (§ 331*)—CLAIMS—JOINDER OF PETITIONERS.

Where claimants indorsed notes for defendant corporation and received a mortgage on the corporation's property to secure the indorsement, and thereafter claimants paid the notes at maturity, each advancing one-half of the funds, they were entitled as joint petitioners to assert a mortgage lien on the premises in bankruptcy proceedings against the corporation.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 520; Dec. Dig. § 331.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. MORTGAGES (§ 46*)—RECITALS AS TO CONSIDERATION.

Where a mortgage, duly executed, was delivered and recorded and was a mortgage between the parties, it was not invalidated as to third persons by the fact that it did not accurately describe the consideration for which it was given, nor give any information as to the date of the notes, nor, except by implication, to whom the notes which it attempted to secure had been delivered.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 119; Dec. Dig. § 46.*]

6. EVIDENCE (§ 419*) — PAROL EVIDENCE—MORTGAGE—DESCRIPTION OF DEBT—INACCURACY.

Where a mortgage did not accurately describe the debt, it was permissible to show by parol what its true character was, and for what purpose and what consideration it was given, though it mentioned an amount differing from the sum named in either of the notes it was given to secure.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1921; Dec. Dig. § 419.*]

7. CORPORATIONS (§ 478*)—MORTGAGES—CONSIDERATION.

Where a corporation's notes would not have been discounted except for the indorsement of claimants, whose liability as indorsers was secured by a mortgage on the corporation's property, claimants became creditors of the corporation contingently at and from the time of the indorsement.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1871; Dec. Dig. § 478;* Mortgages, Cent. Dig. §§ 208–289.]

8. BANKRUPTCY (§ 159*)—LIENS—CORPORATE NOTES—INDORSEMENT—"PRESENT CONSIDERATION."

Where a corporation executed a mortgage to claimants to secure their indorsement of the corporation's notes, such mortgage was based on a present consideration within Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564, 565 (U. S. Comp. St. 1901, p. 3449), protecting liens given or accepted in good faith for a present consideration which have been recorded according to law, if record thereof is necessary, etc.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 259; Dec. Dig. § 159.*]

9. LIENS (§ 7*)—EQUITABLE LIENS.

Where a party by express agreement sufficiently indicates an intention to make specific property a security for a debt or other obligation and promises to transfer such property as security, equity impresses the property with an equitable lien in case security is not given.

[Ed. Note.—For other cases, see Liens, Cent. Dig. §§ 26–28; Dec. Dig. § 7.*]

10. BANKRUPTCY (§ 165*)—LIENS—PREFERENCES.

Where, at the time a corporation executed a mortgage to indorsers of its paper to secure the indorsement, it was financially embarrassed but solvent, and the mortgage was given and accepted in good faith and not in contemplation of or in fraud of the bankruptcy act or with intent to hinder, delay, or defraud the corporation's creditors or any of them, it did not constitute a preference, but was valid.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 265; Dec. Dig. § 165.*]

On Petitions for Review.

John N. Van Deman, Geo. R. Young, and D. B. Van Pelt, for trustees.

C. E. Swadener, for Rasor Lumber Co. and Lenz and Stine.

Erie J. Weaver, for Citizens' Banking Co.

SATER, District Judge. The right of the individuals doing business as partners under the firm name of the "Rasor Lumber Company" to commence or maintain an action in this court on the mechanic's lien asserted in their intervening petition is disputed on the ground that they have not complied with the requirement of the amendatory act of February 13, 1896 (92 Ohio Laws, p. 25; sections 3170–1 to 3170–7, both inclusive, Rev. St. Ohio), which provides that every· partnership, excepting certain commercial and banking partnerships, transacting business in Ohio under a fictitious name or designation not showing the names of the persons interested as partners in such business, must file with the clerk of the court of common pleas of the county in which its principal office or place of business is situated a certificate stating the full name and residence of each partner, and that, in case of failure so to do, the persons so doing business as partners "shall not commence nor maintain an action on, or on account of, any contracts made or transactions had in their partnership name in any court of this state," until they shall have first filed such certificate.

The purpose of the act is that a public record shall be had of the individual members of all partnerships, other than those especially excepted from its provisions, with such definiteness and particularity that those dealing with them may at all times know with whom they are dealing and to whom they are giving credit or becoming bound. Partnerships subject to the provisions of the act are not by its terms placed under any disability as regards the acquisition and ownership of property, or the making of contracts, or the transaction of business. The only penalty attached by the act to the failure to file the required certificate is the legal incapacity of the offending partnership to commence or maintain an action on, or on account of, any contracts made or transactions had in the partnership name, in any court of the state, until it shall have first filed the required certificate. The Ohio act is borrowed from that of California, and instructive cases supporting the foregoing announcements are: Meads, Seaman & Co. v. Lasar, 92 Cal. 221, 28 Pac. 935; Cheney v. Newberry, 67 Cal. 126, 7 Pac. 444, 445; Phillips v. Goldtree, 74 Cal. 151, 13 Pac. 313, 15 Pac. 451; Wing Ho v. Baldwin, 70 Cal. 194, 11 Pac. 565; Sweeney v. Stanford, 67 Cal. 635, 8 Pac. 444; Quan Wye v. Chin Len Hee, 123 Cal. 185, 55 Pac. 783; Hartzell & Co. v. Warren, 11 Ohio Cir. Ct. R. 269.

The jurisdiction and remedies conferred by the Constitution and statutes of the United States on the national courts are uniform throughout the different states of the Union, and cannot be impaired, restricted, or destroyed by state legislation, which prescribes a condition only by compliance with which a partnership having a fictitious name may commence and maintain litigation in its own courts. In Dunlop v. Mercer, 156 Fed. 545, 551, 86 C. C. A. 435, 441, it is said:

"By section 8, article 1, of the Constitution, the Congress was empowered to establish 'uniform laws on the subject of bankruptcy throughout the United States,' and by the bankruptcy law of July 1, 1898 (c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), jurisdiction was conferred on the District Courts of the United States to 'cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, ex-

cent as herein otherwise provided.' This jurisdiction was not granted by, and it cannot be revoked, annulled, or impaired by, the law or act of any state."

The same principle is announced in: Barber Asphalt Pav. Co. v. Morris, 132 Fed. 947, 948, 66 C. C. A. 55, 67 L. R. A. 761; Painter v. Napoleon Tp. (D. C.) 156 Fed. 289; Butler Bros. Shoe Co. v. U. S. Rubber Co., 156 Fed. 1, 84 C. C. A. 167, and cases there cited. The action may be maintained.

Section 3185, Rev. St. Ohio, provides that, within 30 days after a principal contractor shall have filed an affidavit for a mechanic's lien on the owner's property, he shall notify the owner, his agent or attorney, that he claims such a lien, and, if he fail so to do, the lien secured shall be null and void. The Farmers' Supply Company, in the improvement of whose elevator the material furnished by the lumber company was used, having made an assignment in trust for the benefit of its creditors to its president, who had been active in securing the elevator repairs, one of the lien claiming petitioners gave him, while acting as president and assignee, oral notice of the lumber company's claim to a lien. The statute does not specify the kind of notice to be given, but, wherever written notice is required by the Ohio mechanic's lien law, such requirement is expressed in clear and unmistakable terms or by necessary implication. "Notice" means "information by whatever means communicated; knowledge given or received." United States v. Foote, 13 Blatchf. 418, Fed. Cas. No. 15,128; White v. Fleming, 114 Ind. 573, 16 N. E. 487. Where a mechanic's lien statute requires notice to the owner without using any language to indicate that written notice is intended, an oral notice is sufficient. McLeod v. Capell, 7 Baxt. (Tenn.) 196; Vinton v. Builders' & Manufacturers' Association, 109 Ind. 351, 9 N. E. 177; Boisott on Mechanics' Liens, § 355; White v. Fleming, supra; 21 Am. & Eng. Ency. Law, 583; Treadway & Marlatt's Ohio Mechanic's Lien Law, § 180.

The Supply Company, through oversight, did not affix its corporate seal to the mortgage given by it to the Citizens' Banking Company. The use of private seals in Ohio has been abolished. Section 4, Rev. St. Ohio. Seals are no longer necessary on deeds and mortgages (sections 4106, 4107), excepting in those instances in which some statute specifically provides otherwise. It is now well settled that, whenever a corporation has the power to make a contract and is not restricted in the manner of so doing, it stands as to such contract on the same footing as a natural person, and in relation thereto it may adopt the same modes immediately calculated to accomplish its purpose which an individual could adopt. The Supply Company had the power to execute the mortgage, and there being no statutory or charter provision directing the mode of procedure, and the mortgage to the bank having been executed in the same manner as that of an individual, it cannot be defeated for want of a corporate seal. Cook on Corp. (4th Ed.) § 721; Thompson on Corp. §§ 5047, 5052; 10 Cyc. 1006, 1007; Blunt v. Walker, 11 Wis. 349, 78 Am. Dec. 709; Murray v. Beal, 23 Utah, 548, 65 Pac. 726; Gottfried v. Miller, 104 U. S. 521, 26 L. Ed. 851; Poyser & Son v. Standard Pav. Brick Co., 46 Wkly.

Law Bul. (Ohio) 84; East End Building & Loan Co. v. Hughey, 16 Ohio Cir. Ct. R. 19; Fourth National Bank v. Camden Lumber Co. (C. C.) 142 Fed. 257.

At a meeting of the board of directors of the Supply Company held in May, 1907, it was unanimously agreed that if Stine and Lenz would indorse two notes of the company for $1,000 and $1,500, respectively, to enable it to make needed repairs on its elevator, the company would secure them by mortgage on such property. No resolution to that effect was offered or adopted, and no record was made of the proceedings had at the meeting. Stine and Lenz, believing the company to be solvent, under the assurance that they would be protected by mortgage, indorsed the notes, each due 90 days after date, by guaranteeing their payment at maturity. The notes were discounted by the company at banks, and the proceeds were applied in payment of such repairs. On June 24th the board passed a resolution that Stine and Lenz be given a mortgage "on elevator to secure note given for repair of same," and on the day following the president and secretary of the company executed and delivered to them a mortgage conditioned as follows:

"Provided, nevertheless, that whereas, the said Farmers' Supply Company are indebted to the said Jacob Stine and Isaac Lenz and have executed their promissory note for the payment of $2,500, payable ninety days after date, with interest at six per cent.: Now, if the said Farmers' Supply Company shall pay said sum of money, with the interest, when due, then these presents shall be void."

Stine and Lenz paid the notes at maturity; each advancing one-half of the money. As joint petitioners, they assert a mortgage lien on the premises for the $2,500 and accrued interest. This was permissible, Bates, Pl. & Pr. 2183, 2184.

Under objection, the mortgage and notes were admitted in evidence, and witnesses were permitted to testify to the agreement reached at the May meeting by the directory, and that the intention in giving the mortgage was to secure Stine and Lenz as indorsers of the two notes. The conditioning clause does not correctly describe the consideration of the mortgage, nor does it or the resolution of the board give any information as to the date of the note, nor, except by implication, to whom the note mentioned in it was delivered. It cannot, however, be successfully claimed that the instrument as between the parties is not a mortgage. Neither the corporation nor its creditors are injured by the fact that the mortgage describes one $2,500 note, instead of two notes aggregating that amount, or by the fact that the mortgage suggests, if it does not actually describe, an indebtedness to the mortgagees, instead of reciting that its purpose is to indemnify them against loss for having guaranteed the company's notes. It is a familiar rule that a mortgage, duly executed, delivered, and recorded is not invalid as to third parties from want of certainty in describing the debt to be secured, when, upon the ordinary principle of allowing extrinsic evidence to apply to a written contract and its proper subject-matter, the debt intended to be secured may be shown as between the parties themselves. Hurd v. Robinson, 11 Ohio St. 232; Jones on Mortgages, § 352; Gill v. Pinney, Adm'r, 12 Ohio St. 38; Greiss v. Wilkop, 12 Ohio Cir. Ct. R. 481; Lattimer v. Mosaic Glass Co., 13 Ohio Cir. Ct. R. 163, 169.

The mortgage debt secured ought to be so described as to be notice to subsequent purchasers, lienholders, and creditors generally, or be sufficient at least to put them on inquiry; but the lien is not affected by a clerical inaccuracy in the description of the debt. It was permissible to show that the mortgage is simply one of indemnity, what its true character is, and for what purpose and what consideration it was given, although it mentions an amount differing from the sum named in either of the notes and suggests that it was given for a single note, instead of two notes. McKinster v. Babcock, 26 N. Y. 378; Mayer v. Grottendick, 68 Ind. 1, and Moses v. Hatfield, 27 S. C. 324, 3 S. E. 538, quoting Jones on Mortgages, § 384; Pingrey on Mortgages, §§ 468, 498; Crafts v. Crafts, 13 Gray (Mass.) 360; Jones on Mortgages, §§ 351, 354; Shirras v. Caig, 7 Cranch, 34, 3 L. Ed. 260; Hall v. Tay, 131 Mass. 192.

It is claimed that the addition of the proceeds of the two notes to the assets of the corporation was not made by Stine and Lenz, the guarantors of the notes, but by the banks that discounted them; that there was no present consideration for the mortgage; and that consequently it is not protected by the saving provision of section 67d of the bankrupt act. Manifestly the money realized on the notes would not have reached the coffers of the corporation but for the indorsement of Stine and Lenz. They became its creditors contingently at the time of indorsement. Remington on Bank. §§ 644, 1310, and cases cited. If an obligation be assumed upon a valid agreement that the bankrupt will execute a mortgage upon certain specific property to secure the assumed liability, a mortgage executed and delivered in pursuance of such agreement, within a reasonable time thereafter, is valid, and the liability assumed will be deemed a present consideration for the conveyance. Douglass v. Vogeler (D. C.) 6 Fed. 53; Gattman v. Honea, 10 Fed. Cas. 89, No. 5,271; In re Jackson Iron Mfg. Co., 13 Fed. Cas. 260, No. 7,153; Sabin v. Camp (C. C.) 98 Fed. 974; Loveland on Bank. (3d Ed.) 585; Wilder v. Watts (D. C.) 138 Fed. 426; In re Grandy & Son (D. C.) 146 Fed. 318; Remington on Bank. § 1372. The reason for this is found in the general law that where a party by express agreement sufficiently indicates an intention to make specific property a security for a debt or other obligation, and promises to transfer such property as security, equity, regarding that as done which ought to be done, creates an equitable lien upon the property designated. Wilder v. Watts, supra.

Whether the mortgage was executed and delivered in pursuance of a valid, prior, enforceable contract, having its inception at the May meeting of the directory, legally obligating the company to make the conveyance, and whether the adoption of the resolution at the June meeting, and the subsequent execution and delivery of the mortgage, was such a ratification as related back to the beginning of the transaction so as to defeat the intervening rights of third parties, strangers to the transaction, and other creditors of the company (Murray v. Beal, supra; In re Kansas City Stone, etc., Co., 14 Fed. Cas. 128, No. 7,610; Holland v. Drake, 29 Ohio St. 441; Coleman v. Darling, 66 Wis. 155, 28 N. W. 367, 57 Am. Rep. 253), need not be considered, unless the circumstances were such that the giving and acceptance of the mortgage constituted a preference under sections 60a and 60b of

the bankrupt act, or was with the intent to injure, delay, or defraud the company's creditors, or any of them, in violation of section 3 of such act. Conceding that the method adopted by the corporation to raise funds was an unusual one, and that it was financially embarrassed, it nevertheless was solvent, and Stine and Lenz would have so found had they investigated its condition. The mortgage was given and accepted in good faith, and not in contemplation of or in fraud of the bankruptcy act, or with intent to hinder, delay, or defraud the company's creditors, or any of them, and is valid.

The referee is affirmed, and an order may be drawn accordingly.