## In re SULLIVAN.

District Court, D. Massachusetts.    June 9, 1927.

### No. 34444.

1. **Bankruptcy ⚖ 165(4)—Assignment of valid accounts to take the place of fictitious accounts assigned to creditor held not preference.**

Where bankrupt assigned accounts as security for a loan, some of which were fictitious, assignment of valid accounts to take their place within four months prior to bankruptcy *held* not a preference.

2. **Bankruptcy ⚖ 188(1)—Assignee of accounts from bankrupt as security has lien for counsel fees paid as allowed by contract.**

Assignee of accounts from bankrupt as security has lien for counsel fees paid as allowed by contract.

In Bankruptcy. In the matter of John H. Sullivan, bankrupt. On review of order of referee. Reversed.

Robert A. B. Cook, of Boston, Mass., for trustee.

Harrison J. Barrett, Percy A. Atherton, and George W. Reed, all of Boston, Mass., for Manufacturers' Finance Co.

LOWELL, District Judge. [1] On May 24, 1923, Sullivan borrowed about $40,000 from the Manufacturers' Finance Company on the security of a number of assigned accounts. The arrangement was that Sullivan should collect the accounts and turn the proceeds over to the company. The Manufacturers' Company became suspicious of Sullivan and investigated his affairs. It found that his business was in a precarious condition, and that many of the accounts which he had assigned to it were imaginary ones. At this time, and when, as the referee found, the company had reasonable cause to believe that Sullivan was insolvent, the company required him to replace the fictitious accounts with good ones; this was done. An involuntary petition in bankruptcy was filed within four months after this time.

The learned referee held that a preference had been effected. He evidently considered that the Manufacturers' Company stood in the same position as an ordinary creditor. I hesitate to disagree with the learned referee, but it does not seem to me that its situation was the same as that of an ordinary creditor. The company lent its money on the faith of the bankrupt's assigning good accounts. When it discovered that the accounts were bad—in fact had no existence—it required him to do merely what he had agreed to do. His estate has not been depleted by the transfer of the good accounts, because the bankrupt merely did under compulsion what he should have done in the first place; and his estate would not have received the benefit of the money loaned unless the Manufacturers' Company had trusted him to assign good accounts.

See Glenn, Creditors' Rights and Remedies, § 440 et seq.

The case at bar is similar to those which involve the doctrine of what is known as an "equitable lien." Sexton v. Kessler, 225 U. S. 90, 32 S. Ct. 657, 56 L. Ed. 995.

See, also, Sabin v. Camp (C. C.) 98 F. 974; Duplan Silk Co. v. Spencer (C. C. A.) 115 F. 689; Pyle v. Texas Transport Co. (D. C.) 192 F. 725; Lovell v. Newman (C. C. A.) 192 F. 753; Chapman v. Hunt (C. C. A.) 254 F. 768; Re Tweedale (1892) 2 Q. B. 216.

A case which may at first sight seem to be contrary to my decision in the case at bar is Clarke v. Rogers, 228 U. S. 534, 33 S. Ct. 587, 57 L. Ed. 953, in which the Supreme Court held that restitution of stolen funds by a trustee constituted a preferential transfer. As was pointed out, however, by Mr. Glenn at section 440 of the work al-

ready cited, the trustee did not return to his trust estate the property belonging to it. In the present case the bankrupt turned over to the company good accounts, which under the arrangement he was required to do.

[2] The counsel fees paid by the Manufacturers' Company as allowed by their contract to loan money on the security of the assigned accounts need not be returned. In re Lutz (D. C.) 235 F. 970; In re Rosenblatt (D. C.) 299 F. 771.

The order of the referee is set aside.