MOSES v. HATFIELD.

1. Parol testimony is competent to apply a written contract to a proper subject-matter, and therefore it was admissible in this case to show that a mortgage, purporting to secure a note for a specified sum of money, was really given to secure future advances.

2. There was no error in refusing to require the assignee of this mortgage to produce the note, when the complaint alleged that no note had ever been given, and the defence made no allegation that such a note had ever existed—particularly where its description in the mortgage did not show that it was negotiable.

3. Where the assignee of a mortgage given to a partnership, files his complaint for foreclosure, in which he alleges that the defendant executed his mortgage to M. & Co., and sets out the mortgage which recites the partnership of M. & Co., the allegation of partnership was sufficient; but if deficient in form, might be cured by amendment.

4. One member of a partnership firm may assign a mortgage by signing the firm-name to the assignment; and so, too, he may assign the evidence of debt secured by the mortgage, and such an assignment would carry with it the mortgage.

Before WALLACE, J., Sumter, October, 1886.

This was an action by Altamont Moses, assignee of F. H. McEachern & Co., against M. B. Hatfield, for the foreclosure of a mortgage. The opinion states the case.

*Messrs. Jos. H. Earle, Attorney General, and Robert O. Purdy, for appellant.*

*Messrs. Moises & Lee, contra.*

October 6, 1887. The opinion of the court was delivered by

MR. JUSTICE MCIVER. The object of this action is to foreclose a mortgage of real estate. In the complaint it is alleged that the mortgage was given by defendant to F. H. McEachern & Co., nominally to secure the payment of a certain note described in the mortgage, but really to secure the payment of advances to be made by the mortgagees to the defendant for the purpose of enabling him to carry on his farm for the year 1885 : that the note mentioned was never given, but advances were made, and there remained due thereon an amount less than the amount specified in the note for which judgment was claimed. It was also alleged that said McEachern & Co. had, for value, assigned to the plaintiff, before the commencement of this action, the said mortgage, together with the account for advances to the plaintiff. The defendant by his answer set up three defences :

First. "That he denies each and every allegation of said complaint, except such as may be hereinafter expressly admitted." Second. "That the debt intended to be secured by said mortgage has been discharged by payment." Third. Tender of the balance claimed to be due by the plaintiff and refusal thereof.

F. H. McEachern, one of the original mortgagees, testified in substance as follows: that when applied to by defendant for advances, he agreed to make such advances, provided the same was secured by a mortgage on his real estate, and also a lien on his crop and a mortgage on his personal property; that this was done by defendant, the said witness stating to the defendant at the time the papers were executed, "that his real estate must stand good for any advances made to him, and the lien on his crop and the mortgage of personal property must be a secondary consideration"; that this was agreed to by defendant; that the advances were made, and that the balance due thereon was the amount stated in the complaint, and that such balance, together with the mortgage, had been assigned to the plaintiff. On his cross-examination, this witness testified that the lien on the crop and the mortgage on the personal property had been assigned to Trumbo, Hinson & Co.; that the horse mortgaged was dead, and that the four bales of cotton delivered under the lien "were worth about forty dollars less than the expenses of picking, ginning, bagging, and ties, which the witness paid for," as well as twenty-five dollars rent due by defendant. This witness, after examining his books, which were offered in evidence, testified that all proper credits had been given, leaving the balance due as stated in the complaint. The book-keeper of McEachern & Co., who was one of the subscribing witnesses to the mortgage, proved its execution, as well as the balance due on the account for advances, and the mortgage was put in evidence. The counsel for defendant at the proper time (the testimony having been taken by the master) objected to all parol testimony as to what passed between the parties at the time and before the mortgage was executed, upon the ground that the papers must speak for themselves.

At the close of plaintiff's testimony counsel for defendant moved that the complaint be dismissed upon the following grounds: 1st. Because the testimony by parol above stated was

improperly admitted.    2d. That the note referred to in the mortgage was not produced, and its absence not accounted for.    3d. That there was no evidence that the note had been assigned to plaintiff.    4th. That the assignment of the mortgage alone was wholly nugatory and passed no rights to the plaintiff.    5th. That there was no evidence that the mortgagees ever assigned the mortgage to the plaintiff.    The motion was overruled, and no testimony on the part of the defendant having been introduced, judgment of foreclosure and sale was rendered, as prayed for in the complaint.    From this judgment defendant appeals upon the grounds, substantially, taken in support of the motion to dismiss the complaint, and upon the further ground that there was neither allegation nor proof as to who composed the firm of F. H. McEachern & Co.

It will be observed that the rights of third persons are not involved in the present inquiry, but only those of the mortgagor and the plaintiff as assignee of the mortgage.  Trumbo, Hinson & Co. are not parties, and their rights, if they have any, under the assignment of the lien and mortgage of personal property are in no way involved in the present controversy, and cannot be affected by any decree herein.    It may be that their claims have been fully satisfied, and if so, to allow any possible rights they may have acquired to be used for the protection of the defendant, would result in enabling the defendant to evade the payment of what seems to be a just debt.    If, however, they have not been satisfied, and the defendant had any just reason to fear that he might also be liable to them, his course was plain to protect himself by demanding that they should be made parties, which he has not seen fit to do.    Indeed, it does not appear that any account or other evidence of debt against the defendant has been assigned to Trumbo, Hinson & Co., but simply the agricultural lien and the mortgage on the personal property, whereas it does appear in this case that not only the mortgage here brought in question, but also the debt which it is alleged it was given to secure, has been assigned to the plaintiff.    But be that as it may, the rights of Trumbo, Hinson & Co. are not now involved, and any rights they may possibly have once acquired cannot be used by the defendant to shield himself from the payment of a just

debt without a proper showing by pleading and evidence on the part of the defendant, which has not been made.

It will also be observed that no testimony whatever has been adduced in support of the second and third defences set up in the answer, and they may, therefore, be dismissed from further consideration. The real controversy is that raised by the first defence, and that turns upon the inquiry whether the plaintiff has adduced sufficient competent testimony to make out his case.

First, it is contended that the court erred in receiving parol testimony to show what debt the mortgage was really intended to secure. Now, while it is quite true that a written contract cannot be contradicted or varied by parol evidence, yet such evidence is competent to apply a written contract to its proper subject matter, as, for example, in case of a mortgage to the debt really intended to be secured thereby. 1 *Jones Mort.*, § 351. As is said in section 346 of the same volume: "Although a mortgage be given for a definite sum, it is competent to prove by parol that it was given to secure an open account, the balance of which is continually varying." So in section 353: "A deed of trust or mortgage is valid without any note or bond, although it purports to secure a note or bond, and substantially describes it. The mortgage debt exists independently of the note. The inquiry is, does the debt exist? * * * The validity of a mortgage does not depend upon the description of the debt contained in the deed, nor upon the form of the indebtedness, whether it be by bond, note, or otherwise; it depends rather upon the debt it is given to secure." So in section 374: "It is not necessary that the mortgage should express on its face that it is given to secure future advances. It may be given for a specific sum, and it will then be security for a debt to that amount." And in section 376: "Although the deed purports to be in consideration of a definite sum in hand paid at the time, it may be shown by parol evidence that the deed was made to secure advances made and to be made to that extent." And in section 384: "Parol evidence is admissible to show the true character of a mortgage, and for what purpose and what consideration it was given. Although it be for a definite sum and secures the payment of notes for definite amounts, it may be shown that the mortgage was simply one

of indemnity." These doctrines have been recognized and acted upon by this court in several cases. See *McCaughrin & Co.* v. *Williams*, 15 *S. C.*, 505; *Kaphan* v. *Ryan*, 16 *Id.*, 352; *Walker* v. *Walker*, 17 *Id.*, 329; *Moffatt* v. *Hardin*, 22 *Id.*, 9; and *Dial* v. *Gary*, 24 *Id.*, 572. There was no error, therefore, in receiving parol evidence to show that, although the mortgage purported to secure the payment of a note for a specified sum of money, its real object was to secure the payment of advances to be made to an amount not exceeding the sum specified.

Nor do we think there was any error in rendering judgment without requiring the production of the note mentioned in the mortgage, or some evidence to account for its non-production. In the complaint it was alleged that no note had ever been given, and the evidence having shown the true form of the indebtedness which the mortgage was really intended to secure, no such evidence as that demanded could possibly have been given, and if the defendant really claimed that a note had been given, which might afterwards be brought up against him, it was for him to show that fact by way of defence, especially as it does not appear that the terms of the alleged note as specified in the mortgage were such as to render it negotiable. If, as we have seen by the authorities above cited, a mortgage may be valid without a note or bond, although it purports to secure a note or bond and substantially describes it, surely the failure to produce such mythical note, or account for its non-production, where, as in this case, the allegation is, that no note was in fact given, but that the mortgage was really intended to secure advances, cannot be fatal to the plaintiff's case, in the absence of any evidence tending to show that a note was given. It follows from what has been said that there was no error in failing to require proof that the note described in the mortgage had been assigned to the plaintiff.

Inasmuch as the testimony did show that *the debt* really intended to be secured by the mortgage—the account for advances—was assigned to the plaintiff, it is unnecessary to consider what effect the assignment of a mortgage simply, without any assignment of the debt which it was given to secure, would have.

Finally, it is contended that there was no.allegation or proof as to who composed the firm of F. H. McEachern & Co., and no proof that such partnership ever assigned the .mortgage to the plaintiff. First, as to the allegation and proof of the partnership. It is true that there is in the complaint no distinct and formal allegation that Furman H. McEachern and James R. McEachern constituted the firm of F. H. McEachern & Co., but it is alleged that the defendant "executed and delivered to the said F. H. McEachern & Co. his deed, and thereby conveyed by way of mortgage to the said F. H. and J. R. McEachern, their heirs and assigns, the following lands," &c., and the mortgage there referred to, contains a recital that Furman H. McEachern and James R. McEachern were co-partners, trading under the firm name of F. H. McEachern & Co. This, it seems to us, was substantially sufficient. It was certainly sufficient *proof*, being the written admission of the defendant, of the fact of partnership, and even if the *allegation* should be regarded as deficient in form, such deficiency may be supplied by amendment under the liberal provisions of the code.

Next, as to the objection that there was no proof that the assignment of the mortgage was executed by the *partnership*. This objection rests upon the fact that F. H. McEachern testified: "*I* have assigned the account and mortgage to secure it to the plaintiff," and it is argued that this shows that the assignment was executed by him in his *individual* name, and not in the name of the partnership. We do not see that this is a necessary or even legitimate inference from the testimony. The material fact stated by the witness is that the mortgage was assigned to the plaintiff, and if that fact be true, then the inference would be that the assignment was signed in the partnership name, as that would be the proper mode .of doing that act. The fact that one of the partners actually wrote the name of the partnership, while it might justify the statement—"I have assigned the mortgage"—would not warrant the conclusion that the act done was only the act of the individual, and not that of the partnership. A mortgage not being a conveyance, but simply a security for the payment of a debt, we see no reason why it may not be assigned just as any other chose in action due to a partnership

should be—by the signature of the partnership name placed there by either of the partners. Indeed, as the assignment of a note or other evidence of debt, secured by a mortgage, carries with it the mortgage, and as such assignment can unquestionably be made by either one of the partners, it does not matter, in this case, whether the assignment of the mortgage was properly made or not; for if the account, representing the debt secured by the mortgage, was assigned, as the testimony shows, that would carry the mortgage with it.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.