## 9682

### FOX v. FOX.

### (92 S. E. 477.)

1. CHATTEL MORTGAGES—DELIVERY—QUESTION FOR JURY.—In action for possession of mortgaged chattels, delivery of the note and mortgage is a question of fact susceptible of proof, since it involves intention and act.

2. CHATTEL MORTGAGES—DELIVERY.—If a party delivers notes and a chattel mortgage to another for a special purpose of having the other indorse the notes, there is no delivery to the other for his own benefit, and the party incurs no liability to such other.

3. CHATTEL MORTGAGES—CONSIDERATION—SEAL—EFFECT.—While the seal on a note and chattel mortgage is *prima facie* evidence of consideration, it is not conclusive, and does not prevent proof of the true purpose of execution.

4. PAYMENT—RECEIPTS—BURDEN OF PROOF.—Burden of proving execution of a receipt for the amount due on a chattel mortgage is upon a defendant who executed the mortgage.

5. PAYMENT—RECEIPT—EXECUTION—PRESUMPTIONS.—Although a chattel mortgagee could not read, it is presumed, at least *prima facie,* that she knew and understood the contents of a receipt, which she executed for the amount due on the mortgage.

6. CHATTEL MORTGAGES—ACTIONS—ATTORNEY'S FEES.—In the absence of provision in the chattel mortgage for the recovery of attorney's fees, in suit on the mortgage the plaintiff is not entitled to recover such fees.

Before PRINCE, J., Aiken, April, 1916.    Reversed.

Suit by Eliza Fox against B. O. Fox.    Judgment for plaintiff, and defendant appeals.

*Mr. John F. Williams,* for appellant, submits: *Mortgage was not effective, unless delivered, and "seal" did not imply delivery:* 57 S. C. 97.    *The burden to prove delivery on the respondent:* 8 Ency. of Evidence 724; 4 Ency. of Evidence 245; 9 Rich. L. 193; 47 S. C. 347.    *Delivery will never be presumed in law where the result is against natural justice and equity:* Ency. of Evidence, vol. IV, 247.    *The question of delivery is purely one of intention:* 52 Fed. 417; Cyc. 1113, 1114, 1115.    *Possession by mortgagor raises presumption of nondelivery:* 4 Ency. of Evidence 249, 250; 8 Ency. of Evidence 724, 728, 689.    *The note itself had become barred by the statute:* 42 S. C. 89.    *The fact that claim and delivery had been commenced did not stop the running of the statute, for it is no personal action:* 94 S. C. 345.    *The purpose for which the mortgage was drawn should have been admitted in evidence:* 44 S. C. 373; 56 S. C. 313; 25 Cyc. 1330, 1343.    *Appellant contended he executed mortgage to borrow money with respondent's endorsement.    The purpose of preparing paper became material:* 27 Cyc. 1055, 1058; 72 S. C. 364; 30 S. C. 172; 30 S. C. 177; 31 S. C. 276; 8 Ency. of Evidence 703-706-708-732-666-733-734; 16 S. C. 352; 27 S. C. 324; 31 S. C. 313.    *Effect of seal:* 27

Cyc. 1050; 71 S. C. 577; 44 S. C. 378. *No provision in mortgage for attorney's fees:* 84 Ala. 302.

*Messrs. Croft & Croft,* for respondent, cite: *As to testimony showing no consideration:* 44 S. C. 378. *Charge:* 87 S. C. 327; 45 S. C. 156.

May 17, 1917.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Defendant appeals from judgment for plaintiff for the possession of personal property claimed by plaintiff under a chattel mortgage signed by defendant and dated November 4, 1908, purporting to secure defendant's sealed note to plaintiff of same date for $400 due October 1, 1909.

Defendant alleged and sought to prove that the note and mortgage were without consideration, and that they had never been delivered to plaintiff, except as custodian thereof for defendant. He offered testimony tending to prove that his real purpose in executing the note and mortgage was to obtain a loan from a bank by making the note and mortgage to plaintiff, who is his mother, with the intention of getting her to indorse the note, so that he could use it to get the money from the bank to pay certain creditors who were pressing him; that he had his attorney prepare the papers for that purpose, inserting therein the amount necessary to pay the claims then being pressed; that he had the mortgage recorded, and handed the papers to plaintiff, saying, "Mother, here is a paper I want you to keep for me a few days;" that he afterwards made some other arrangement with the creditors who were pressing him, so that it became unnecessary for him to perfect the loan; that thereafter, on December 10, 1908, plaintiff executed a receipt, under seal, which was introduced in evidence, and purported to be for

$400 "in full payment of the mortgage" dated November 4th.

On the other hand, plaintiff contended that the note and mortgage were given to secure her for pre-existing debts due and owing to her by defendant, to wit, various sums of money that she had let him have at different times, and her interest in a tract of land which she had conveyed to him, under agreement that he would sell it and pay her half the proceeds. She denied executing the receipt dated December 10th, saying that she never heard of it until it was introduced at the trial.

The testimony upon the issues of fact stated was conflicting. The Court ruled that defendant could prove that there had been no delivery of the note and mortgage to plaintiff, but that he could not prove that they were delivered to her for the purpose stated by him, unless he informed her of his purpose at the time of the delivery; also that, as the note and mortgage were under seal, defendant could not show that they were without consideration, by showing the real purpose for which they had been executed and that that purpose had been abandoned.

In these rulings the Court was in error. Delivery involves intention and act. Both are questions of fact susceptible of proof. *Johnson* v. *Johnson,* 44 S. C. 364, 372, 22 S. E. 419. If defendant delivered the papers to plaintiff 1, 2 to keep for him a few days, and for the purpose testified to by him, there was no delivery of them to her for her own benefit, and defendant thereby incurred no legal liability thereon to her. But if, as plaintiff's testimony tended to prove, he delivered them to her in settlement or payment of pre-existing debts to her, and she so accepted them, he is bound by them. It is for the jury to say whose version of the transaction is correct.

While the seal on the note and mortgage is *prima facie* evidence of consideration, in a case like this it is not conclu-

sive and does not prevent the defendant from proving the real purpose for which the papers were executed, and that it failed. *Kaphan* v. *Ryan,* 16 S. C. 352; *Moses* v. *Hatfield,* 27 S. C. 324, 3 S. E. 538; *McAteer* v. *McAteer,* 31 S. C. 313, 9 S. E. 966; *Earle* v. *Owings,* 72 S. C. 362, 51 S. E. 980.

If plaintiff executed the receipt of December 10th, she is bound by it, unless she can show that it was obtained from her by misrepresentation or fraud. The burden of proving the execution of it is upon defendant. If he succeeds in proving that she executed it, then the burden is upon her of proving that it was obtained by fraud or misrepresentation. Although she could not read, if she executed the paper, she is presumed, *prima facie* at least, to have known and understood its contents. The law presumes, at least *prima facie,* that every capable person knows and understands the contents of instruments executed by him. It is his duty to do so; and when he executes a paper he clothes it with at least a *prima facie* presumption of validity.

The Court erred also in allowing plaintiff to recover her attorney's fees. There is no provision in the note or mortgage by which defendant agreed to pay attorney's fees, and without such agreement they are not recoverable in an action like this. *Loeb* v. *Mann,* 39 S. C. 465, 18 S. E. 1.

Judgment reversed and new trial granted.