[No. 9752.    Department One. — June 23, 1885.]

WILLIAM H. CHENEY, RESPONDENT, v. J. R. NEW-
BERRY & CO. APPELLANTS.

PARTNERSHIP — BUSINESS DONE UNDER FICTITIOUS NAME — ASSIGNMENT OF PART-NERSHIP CLAIM. — Section 2468 of the Civil Code, requiring partners doing business under a fictitious name to file and publish a certificate of copartnership before they can maintain an action on a partnership demand, does not prevent the assignment by them of a valid partnership claim, although they have not filed or published the required certificate.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The action was brought to recover on a partnership claim originally in favor of Wm. H. Cheney & Co., and by them assigned to the plaintiff. Cheney & Co. had never filed or published the certificate required by section 2468 of the Civil Code. The defendants requested the court to instruct the jury that if they believed the assignment was made for the purpose of evading the requirements of section 2468, the plaintiff could not

maintain the action.    The court refused so to instruct, to which ruling the defendants excepted.

*Satterwhite & Curtis,* for Appellants.

*Henry M. Willis,* for Respondent.

Ross, J. — Appellants contend that the provision of the Civil Code to the effect that persons doing business as partners, contrary to the provisions of the article requiring the filing and publishing of a certificate showing the names and residence of all of the members of the partnership, "shall not maintain any action upon or on account of any contracts made or transactions had in their partnership name," also preclude such persons from assigning a valid claim held by them as partners. There is nothing in the point.

Judgment affirmed with ten per cent damages.

McKinstry, J., and McKee, J., concurred.