[No. 11232.   In Bank.—July 22, 1886.]

WING  HO,  Appellant,.  *v.*  E.  J.  BALDWIN,  Respondent.

Partnership—Publication of Certificate—Assignee may Maintain Action without. — The sections of. the Civil Code prohibiting persons doing business as partners from. maintaining any action upon or on account of any contracts made or transactions had in their partnership name, until they have filed and published a certificate showing the names and residences of all the members of the partnership, does not preclude the assignee of such partners from maintaining. an action thereon.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The action was brought to recover a balance on account alleged to be due by the defendant to a partnership, and by the latter assigned to the plaintiff. The answer contained a general denial and a plea in abatement on the ground of the failure of the partnership to file and publish a certificate showing the names and residences of the members composing the firm. The court sustained the plea, and rendered judgment in favor of the defendant. The further facts are stated in the opinion of the court.

*Thomas B. Brown*, for Appellant.

*Wells, Van Dyke & Lee*, for Respondent.

Ross, J. — The sole question in this case is, whether or not the provision of the Civil Code to the effect that persons doing business as partners, contrary to the provisions of the article requiring the filing and publishing of a certificate showing the names and residences of all the members of the partnership, " shall not maintain any action upon or on account of any contracts made or transactions had in their partnership name, in any court of this state, until they have first filed the certificate and made the publication herein required," also precludes the *assignee* of such persons from maintaining an action thereon. It is claimed that it does, because of the general rule that the assignee of a chose in action acquires no greater rights than his assignor had. But the disability created by the statute is of a personal character, and as applied to the *partnership* operates only to abate the action. (*Byers* v. *Bourret*, 64 Cal. 73; *Sweeney* v. *Stanford*, 67 Cal. 635.) The partners may at any time remove the disability by complying with the provisions of the statute. But an assignee of such partners

cannot do so, nor is there any mode by which he can compel them to remove it. The statute does not in terms apply to the assignee of such persons, and to extend it by construction to the assignee would be to place the latter in a worse position than his assignor; for, as already said, it would lie in the power of the partners to remove the disability, while their assignee could not do so. As the language of the statute does not include the latter, we do not think it should by construction be extended to them. (*Cheney* v. *Newberry*, 67 Cal. 635.)

Judgment reversed and cause remanded.

McKINSTRY, J., SHARPSTEIN, J., and McKEE, J., concurred.

MYRICK, J., dissented.