[S. F. No. 281.   Department Two.—December 29, 1898.]

QUAN WYE, Respondent, v. CHIN LIN HEE, Appellant.

ACTION BY ASSIGNEE—WRITTEN PROMISE TO PAY MONEY—REAL PARTY IN INTEREST.—The assignee of a written promise to pay money for goods sold is entitled to sue upon it, as the real party in interest, within the meaning of section 367 of the Code of Civil Procedure.

ID.—ASSIGNMENT BY PARTNERSHIP—FICTITIOUS NAME.—An assignee of a written instrument for the payment of money to a partnership by its firm name, though fictitious, may sue upon it, without regard to the right of the partnership to sue thereupon.

ID.—WAIVER OF OBJECTION—APPEAL.—Any objection to the capacity of the partnership is waived, if not made in the courts below in any manner, and cannot be urged upon appeal for the first time.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion.

W. T. Baggett, and D. J. Toohy, for Appellant.

Lyman I. Mowry, for Respondent.

CHIPMAN, C.—Action upon an instrument in writing given by defendant to Quan On Wing in payment for certain goods, wares, and merchandise, and assigned to plaintiff before the commencement of the action. The trial was by a jury, and plaintiff had the verdict. Defendant appeals from the judgment and from the order denying a new trial. The judgment does not appear in the transcript, although the verdict does. No point is made upon this omission, and we will treat the record as containing the judgment appealed from.

1. The only error of law assigned as occurring at the trial is that the instrument sued upon was not shown to have been properly assigned, and that it was error to admit it in evidence over defendant's objection. We think the evidence was sufficient to establish the fact of assignment, and that being so, the action was brought in the name of the party in interest within the meaning of section 367 of the Code of Civil Procedure.

2. It is objected that Quan On Wing was a fictitious name, not showing the persons interested as partners, and that Quan On Wing could not maintain an action upon the document set forth in the complaint, and therefore the assignee could not. There is nothing in the point. (*Cheney v. Newberry*, 67 Cal. 126; *Wing Ho v. Baldwin*, 70 Cal. 194.) Furthermore, defendant did not demur to the complaint on any ground, nor did he in his answer present the objection now urged, nor object at the trial to any of the evidence on the ground that plaintiff's assignor was incapacitated to sue on the obligation. The objection was therefore waived and cannot now for the first time be urged. (*Phillips v. Goldtree*, 74 Cal. 151; *Cook v. Fowler*, 101 Cal. 89.)

The judgment and order should be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the **judgment** and order are affirmed.

            McFarland, J., Temple, J., Henshaw, J.