[S. F. No. 3546. In Bank.—February 7, 1907.]

CHARLES E. LIVERMORE, Executor of Estate of Teresa B. Livermore, Respondent, v. GIOVANNI B. RATTI, personally, and as Administrator of Estate of Delfina L. Ratti, Deceased, Appellants.

GUARDIAN AND WARD—SETTLEMENT OF FINAL ACCOUNT—NOTICE REQUIRED—CONSTRUCTION OF CODE.—Under section 1789 of the Code of Civil Procedure, providing that the proceedings for the settlement of the account of a guardian, and the notice required thereof, are the same as those required upon the settlement of the accounts of an executor or administrator, section 1634 of that code, providing for a final settlement of the accounts of an administrator or executor upon petition for distribution, is applicable as to the notice required for the settlement of the final account of a guardian, and

notice must be given for the full period of ten days before the hearing.

ID.—DEATH OF WARD—SETTLEMENT WITH ADMINISTRATOR—NOTICE OF HEARING.—Upon the death of a ward, before settlement of the final account of the guardian, the guardian is required, under section 1754 of the Code of Civil Procedure, to settle his accounts with the legal representative of the ward, who must have actual or constructive notice of the hearing for the period of ten full days in his representative capacity to make it at all effective.

ID.—DELAY OF GUARDIAN TO SETTLE WITH WARD—INSUFFICIENT NOTICE TO ADMINISTRATOR—JURISDICTION—VOID SETTLEMENT AND LIEN.— Where a guardian delayed settlement with the ward after becoming of age, and presented the final account after her death, while petition for letters upon the ward's estate was pending, and the administrator thereof was appointed seven days before the hearing, and did not appear thereat, or have constructive or actual notice as administrator for the required period, the court had no jurisdiction to settle the account, or to impose a lien for the balance of account upon the real estate of the deceased ward, and the order settling the account and imposing such lien was void.

ID.—ACTION TO FORECLOSE LIEN—RECITALS IN RECORD—POSTING OF NOTICES—APPEARANCE NOT PRESUMED—EVIDENCE TO SHOW WANT OF JURISDICTION.—In an action to foreclose such lien against the estate of the deceased ward, where the recitals in the record settling the account of the guardian show that notice thereof was given by posting, it will not be presumed that jurisdiction was acquired by appearance; and evidence is admissible to show that the legal representative of the ward's estate was not in existence to receive notice during a necessary part of the ten days required.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. S. P. Hall, Judge.

The facts are stated in the opinion of the court, and more particularly in the opinion rendered in Department One.

Metcalf & Metcalf, and Johnson & Shaw, for Appellants.

George W. Langan, and Wm. R. Davis, for Respondent.

SHAW, J.—In the petition for rehearing it was urged that the recital in the order settling the final account of the guardian, that "proof was made to the satisfaction of the court that notice of said settlement had been given as re-

quired by law, and as ordered by the court," is, upon this inquiry, which in effect is collateral, conclusive evidence that the representative of the deceased ward's estate had, in some manner, received due and legal notice of the time and place of the hearing of the account; that it conclusively established jurisdiction; and that we cannot look into the record to ascertain what notice was in fact given to him, or receive proof of other facts outside the record to show the lack of jurisdiction. The rehearing was granted chiefly for the purpose of re-examining this point. Upon further consideration we are satisfied that the proposition is untenable.

The proper solution of the question depends upon the applicability of section 1634 of the Code of Civil Procedure to the proceedings for the settlement of the final account of a guardian. That it does apply thereto has not been disputed by either party. Section 1789 of the Code of Civil Procedure provides that the proceedings upon the settlement of the account of a guardian, and the notices required thereof, are the same as those required upon the settlement of the accounts of an executor or administrator. Section 1634 of the Code of Civil Procedure provides that if the account filed by an administrator or executor be for a final settlement of the estate, and a petition for final distribution of the estate is filed therewith, notice of the time and place of the hearing thereof must be posted or published for at least ten days prior to the day fixed for said hearing. No other provision is made specifically relating to a final account. It has been, so far as we are advised, the universal custom throughout the state to treat this provision as applicable to a guardian's final account and to require ten days' notice thereof. The final account of a guardian is in many respects the counterpart of the final account and petition for distribution of an executor or administrator. In the latter the balance due is determined and ordered paid over to the persons found to be the heirs, legatees, or creditors. In the former the balance is ascertained and ordered paid over and delivered to the ward, if living, or to his representative, if he is dead. (Code Civ. Proc., sec. 1754.) We think it is reasonable to conclude that the legislature deemed the two proceedings to be analogous and intended that the same procedure should apply to both, so far as the notice to be given is concerned.

The court could have acquired jurisdiction of the administrator of the ward's estate in but three ways: firstly, by his appearance at or before the hearing, by which act he would have submitted himself to its jurisdiction; secondly, by the issuance of a citation to him and its personal service on him; thirdly, by the constructive service of notice upon him, by posting or publishing the same as required by law for ten days before the day set for the hearing. The latter notice is recited in the record, but there is nothing whatever in the record to indicate that any order was made by the court, or that there was any citation issued, or any appearance by or for the administrator. The proofs which constitute a part of the record show that the recital regarding the posting of notice was true. With respect to the order of the court, referred to in the recital, the record is silent. The law, however, does not provide for any order of court, except in the contingency that at the time of the hearing the court, or a judge thereof, deems the notice given by posting insufficient (Code Civ. Proc., sec. 1633), in which case a further notice may be ordered. This would necessarily require a continuance of the hearing to another day. The record shows affirmatively that there was no continuance, thus demonstrating that there was no order for any further notice, or that, if there was, no such notice could have been given, which fact would of itself be fatal to the existence of jurisdiction. With regard to the possible fact of an appearance by or for the administrator, it may be that if the record had been silent concerning any sort of notice, the usual presumptions in favor of the validity of the proceedings of a court of general jurisdiction would prevail, and such appearance would, if necessary, be conclusively presumed. But on that point the rule laid down in the leading case of *Hahn* v. *Kelly,* 34 Cal. 407, that "when the record states what was done, it will not be presumed that something different was done," applies. The record here states that the jurisdiction was acquired by the posting of notices, which is shown both by the recital and by the proofs on file, and it will not be presumed that it was acquired in some other way, as by an appearance. If service of notice in the manner recited was legally possible, it will be presumed that it was made, although the proof on file may be defective. In that event, it would be presumed that proof was made by

parol, or that the corrected proof had been mislaid. (*Sacramento Bank* v. *Montgomery*, 146 Cal. 751, 752, [81 Pac. 138].) The validity of the order, therefore, depends on the question whether or not, under the circumstances appearing outside the actual record of the proceedings, it was legally possible that the notice could have been given to the legal representative of the ward for ten days before the hearing.

Upon the death of the ward the law, as shown in the original opinion, to which we still adhere, requires the settlement to be made with the legal representative, and the constructive notice of ten days must have been operative upon that representative for the full period of ten days, and that in his representative capacity, to make it effective at all. For the purpose of showing that jurisdiction could not have been acquired in the manner shown by the record, evidence is admissible to prove any fact the existence or non-existence of which is not conclusively established by the record or its recitals. Thus, if a judgment against a corporation recites due service of process upon the corporation, or the appearance for it by some authorized person, it may be set aside upon proof that it had been dissolved, and had no legal existence for any purpose at the time the action was begun and until the rendition of the judgment. So, also, if a judgment against a natural person recites due service of process on him, his heirs or legal representatives may show that such service was impossible, and that the judgment was void, by proof that he was dead before the action was begun.

In like manner the giving of an effective notice in the manner here recited is shown to be impossible, and the order is accordingly avoided, by proof of the fact that the legal representative of the ward was not in legal existence to receive it during a necessary part of the ten days for which it was running; that is, that he was not appointed until March 20, 1899, which was only seven days prior to the day upon which the order was made. Neither the record, nor the recital of the giving of the notice, nor the presumptions in favor of the jurisdiction of the court, are conclusive of the fact of the existence of the administrator as such, during the whole or any part of the ten days, any more than they would be conclusive of the existence of the corporation, or of the fact that the defendant was alive, in the instances above referred to.

The actual, effective time of the notice to the administrator was, therefore, only seven days, whereas the law requires ten days to constitute legal service. Jurisdiction to hear the settlement of the account was therefore wanting, and the order was void.

The judgment and order are reversed.

Angellotti, J., Sloss, J., Henshaw, J., McFarland, J., and Lorigan, J., concurred.

Beatty, C. J., concurred in the judgment.

The following is the opinion rendered in Department One, May 24, 1906, referred to in the foregoing opinion:—

SHAW, J.—This is an appeal by the defendants from the judgment and from an order denying their motion for a new trial. The complaint sets forth an action to enforce a lien against certain lands formerly belonging to the deceased Delfina L. Ratti, the said Giovanni being her sole surviving heir at law.

Teresa B. Livermore was the mother of the deceased Delfina L. Ratti. In April, 1888, she was appointed guardian of the person and estate of Delfina, and continued to act in that capacity until the said Delfina arrived at the age of eighteen years, which was on the 25th of November, 1892. No account of her trust as guardian was ever filed or presented to the court during the minority of the ward, nor at all until March 15, 1899. On September 29, 1897, the ward, Delfina, was married to the defendant, Giovanni B. Ratti, and on September 19, 1898, she died intestate, leaving surviving her husband and one child, which child has since died at the age of four months. On March 15, 1899, when the guardian, Teresa B. Livermore, filed her final account as guardian of her daughter, Delfina, there had been no administrator appointed of the estate of her said daughter, although proceedings to that effect were then pending and were set for hearing on March 20, 1899. The hearing of the final account filed on March 15th was set for March 27th, and the usual ten days' notice of that hearing was given by posting, in the manner required by the statute. On March 20th the defendant, Giovanni, was appointed administrator of the estate of the ward. The order settling the

account recites that proof was made to the satisfaction of the court that notice of said settlement had been given as required by law and as ordered by the court. The account showed disbursements of $1,508.18 by the guardian in excess of cash receipts, and that the entire estate of the ward consisted of a one-ninth interest in certain real estate. The order settled and allowed this balance, and declared that it should be a charge against the estate of the ward. The purpose of the action is to have this charge declared a lien against the estate and enforced by foreclosure.

The respondent contends that the order settling the final account and declaring the balance a charge upon the estate of the ward is invalid for want of jurisdiction in the court over the legal representative of the ward. By the provisions of section 1754 of the Code of Civil Procedure it is made the duty of the guardian "at the expiration of his trust, to settle his accounts with the court, or with the ward, if he be of full age, or his legal representatives, and to pay over and deliver all the estate, moneys, and effects remaining in his hands, or due from him on such settlement, to the person who is lawfully entitled thereto." The proceedings to settle the account of a guardian instituted after the ward has arrived at full age, or after the ward has deceased, is one in which no persons are directly interested except the guardian, on the one hand, and the ward, or his legal representative, on the other. The proceeding is regulated by the provisions of the act concerning administrators of deceased persons (Code Civ. Proc., sec. 1789), and under section 1634 of the Code of Civil Procedure, when a final account is to be settled, notice of at least ten days must be given of the time and place of the hearing thereof. The effect of the provisions of section 1754, above quoted, in a case where the ward has deceased, is that the proceeding for the settlement of the account must be had with the legal representative. It would seem to be a reasonable conclusion from this provision that such proceeding cannot be instituted nor determined unless there is a legal representative against whom it can be prosecuted, who may appear and resist the claims of the guardian, and who may be bound by the adjudication therein made. His interests are adverse to those of the guardian, and he is a necessary party to the proceeding, although he may be brought in by constructive

notice only. It is a proceeding of a special nature in which
the only process required by law is the posting of a general
notice for ten days. In all cases where by statute a substi-
tuted service of notice is authorized in place of actual service, a
strict compliance with the statute is essential to a valid service.
(17 Ency. of Plead. and Prac. 45; 19 Ency. of Plead. and
Prac. 625; *Forbes* v. *Hyde,* 31 Cal. 342; *Ricketts* v. *Richard-
son,* 26 Cal. 149; *People* v. *Huber,* 20 Cal. 81; *McMinn* v.
*Whelan,* 27 Cal. 300.) A publication or posting for less than
the required time is ineffectual to give jurisdiction, and ren-
ders the subsequent proceedings under such notice void.
(17 Ency. of Plead. & Prac. 94; *Foster* v. *Vehmeyer,* 133 Cal.
460, [65 Pac. 974].) The theory upon which such constructive
service is allowed as a substitute for actual service is, that if
such public notice is given for a reasonable time, the parties
interested will, during the prescribed period, thereby obtain
knowledge of the proceeding, and where the proper notice is
given for the required time such knowledge is conclusively pre-
sumed. The legislature, within reasonable limits, has power
to determine the length of the period over which the publi-
cation is to extend. Such determination implies that in the
legislative judgment the whole of the period is necessary to
create the presumption that the published notice has imparted
knowledge to the persons interested. It is always in the power
of the guardian to procure the appointment of an adminis-
trator with whom he may settle the account, and who will
then be in existence to receive such constructive notice. Such
legal representative being made by the statute a necessary
party to the settlement, and constructive notice being author-
ized as to him, and the only notice given him, as in the present
case, it seems to follow that his existence during the entire
period required to make that form of service valid is neces-
sary to raise the statutory presumption that he has obtained
from such notice a knowledge of the pendency of the pro-
ceeding. In cases under the statute, where the ward dies be-
fore the account is filed, the full period of posting must run
while the person against whom the notice is directed is in
legal existence and capable of receiving such knowledge; other-
wise there will not be the full statutory notice to him, and
jurisdiction of the proceedings will be lacking. The giving
of such notice before the appointment of a legal representa-

CL Cal.—30

tive, or in part before and in part after such appointment, will not give the court jurisdiction to make a valid order settling the account. In the present case the notices were posted on March 16, 1899, the legal representative was not appointed until March 20, 1899, and the hearing of the account and the order settling it was on March 27th. The administrator was not legally in existence in his representative capacity to receive such constructive notice during the period of the notice, except for the last seven days thereof, and consequently he could not in that capacity have received the full statutory constructive notice, upon which alone jurisdiction to make the order was predicated.

It follows, therefore, that the order in question is invalid. The evidence is therefore insufficient to support the finding that the order settling the account was duly given and made; the court erred in admitting the order in evidence over the objection of the defendant; and as the findings show the dates of the notice and order and of the appointment of the administrator, and the consequent invalidity of the order, they are not sufficient to support the judgment.

In view of the conclusion we have reached upon this point in the case, it is unnecessary to consider the effect of the previous judgment as a former adjudication of the same cause of action, nor the numerous other questions presented.

The judgment and order are reversed.

Angellotti, J., and Sloss, J., concurred.