## SPAULDING *et al.* v. HOWARD *et al.*

No. 5119.· Opinion Filed October 5. 1915.

(152 Pac. 106.)

1. **EVIDENCE—Parol—Written Contract.** Both the statute and the common law prohibit the introduction of evidence of prior or contemporaneous oral negotiations or statements to contradict or vary the terms of a written agreement.

2. **SALES—Liability for Price—Acceptance.** If a person orders a certain article, and a different article is delivered and accepted without objection being made in a reasonable time after learning that fact, the party is bound to pay therefor the purchase price agreed upon for the former article.

3.  **SALES—Breach of Warranty—Remedies of Buyer.** When a person purchases an article under a certain warranty, and the article fails to comply with the warranty, the purchaser has two remedies: (1) He can return the article within a reasonable time after learning of the breach of warranty and sue for a cancellation of the contract. (2) He can retain the article and recover the difference between the actual value of the article at the time of the purchase and what its value would have been if it had been as represented.

4.  **SAME—Burden of Proof.** A party who claims that an article purchased did not conform to the warranty assumes the burden of proving the alleged breach of warranty and the amount of the damages.

(Syllabus by Mathews, C.)

*Error from County Court, Carter County;*
*W. F. Freeman, Judge.*

, Action by H. W. Spaulding and others against C. N. Howard and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

*Sigler & Howard,* for plaintiffs in error.

*R. F. Turner,* for defendants in error.

Opinion by MATHEWS, C. The parties hereto will be designated as in the trial court. This was an action upon two promissory notes given in payment for a certain buggy sold by plaintiffs to defendants. The defendants set up the defense of a failure of warranty and fraud on the part of the plaintiffs. The cause was tried to a jury, who found for the defendants, and this appeal followed.

On the 20th day of May, 1907, defendants purchased a buggy from plaintiffs, and in payment therefor executed two notes in the aggregate amount of $107, and due on the 1st day of November, 1907, and the 1st day of November, 1908, respectively. The notes signed by the defendants contained the following stipulations:

"This note is to be void only upon the condition that said Spaulding Manufacturing Company refuse to deliver said vehicle as above specified. * * * No salesman has authority to make any agreement not upon the face of this note when made."

About two years after the giving of the notes and delivery of the buggy, the defendants moved from Texas into Oklahoma, but left the buggy at their former residence in Texas, where it was found about a year thereafter by the plaintiffs, who took possession thereof and sold the same for $40. The evidence does not disclose the manner of sale. On the 15th day of June, 1907, the plaintiffs wrote the defendant C. N. Howard the following letter:

"GRINNELL, IOWA, 6/15, 1907.

"C. N. Howard, Bowie, Texas—Dear Sir: Our salesman, Mr. Benton, reports to us that on the 5/20/1907, he sold and delivered to you a one seat top buggy, No. 812, of our make, all complete, and that you gave for the same the following: [Copy of notes omitted here.] Please examine the above carefully and report to us immediately if this is a correct record in every way of the deal you had with our salesman. Has our salesman delivered to you everything he agreed to deliver? Has he paid in full any bill he may have contracted with you? We write this in order to promptly correct mistakes if any have been made; it being our aim to do our business in a straightforward manner, and our customers will confer a favor by answering above by return mail. Awaiting your early reply, we remain,     Yours very respectfully,

"SPAULDING MFG. CO."

No reply was made to this letter by defendants.

At the trial the defendants were permitted, over the objection of plaintiffs, to detail statements which they testified were made by the agent of plaintiffs in making the sale to them of the buggy in controversy, wherein the

agent made certain warranties and representations rela-. tive to the buggy and the material out of which the same was constructed. All of the statements detailed were made prior to the execution of the note, which expressly stated that the note was to be void only upon the condition that the plaintiffs refused to deliver the vehicle purchased, and also contained the further clause that:

"No salesman has authority to make any agreement not upon the face of the note when made."

It is manifest that the action of the court in permitting the introduction of such testimony was prejudicial error. Both the statute and the common law prohibit the introduction of evidence of prior or contemporaneous oral negotiations or statements to contradict or vary the terms of a written agreement. The defendants executed a contract stipulating that the notes should be void only upon the refusal of the plaintiffs to deliver the vehicle purchased. *Insurance Co. v. Richardson Lumber Co.*, 11 Okla. 585, 69 Pac. 938; *Early v. King*, 38 Okla. 206, 135 Pac. 286. Furthermore, the defendants are estopped from introducing such testimony by the instrument executed by them, as it clearly stated that the salesman had no authority to make any agreements not upon the face of the note when made. This can be construed as both an agreement by defendants that the agent had no authority to make a warranty and a notice to them by the plaintiffs that such authority was lacking in the agent. There is no competent evidence in this case as to any warranty of any kind, except that given by the plaintiffs, who stated that buggies sold by them were warranted for the period of one year.

2. Defendants testified that the agent representing plaintiffs sold them a certain No. 812 buggy, but deliv-

ered to them, on the following day, another and different buggy, which was lighter than the buggy actually bought by them. It comes with poor grace for a party to be heard to say for the first time five years after the delivery that they did not get the buggy they bargained for. It is elementary that if a person orders, a certain article, and a different article is delivered and accepted without objection being made in a reasonable time after learning that fact, the party is bound to pay therefor the purchase price agreed upon for the former article. 35 Cyc. 221.

3. When a person purchases an article under a certain warranty, and the article fails to comply with the warranty, the purchaser has two remedies: (1) He can return the article within a reasonable time after learning of the breach of warranty and sue for a cancellation of the contract. (2) He can retain the article and recover the difference between the actual value of the article at the time of the purchase and what its value would have been if it had been as represented. As the buggy was not tendered back within a reasonable time after the discovery of the breach, the defendants must evidently resort to the latter rule for relief.

4. There are no pleadings or proof as to the actual value of the buggy at the time of the delivery to defendants. The burden is upon defendants to plead and prove its value at the time, and in the absence of such proof it is presumed that its real value was the price agreed to be paid for same. That it had some value is evident from the fact that it was sold for $40 about three years afterwards. A buggy which, after three years of the usual treatment accorded to them by the average owner, can then be sold for $40, must have been of considerable value

in the beginning, and in this case it devolved upon the defendants to prove its value at the time of delivery, before they were entitled to an offset of the difference. The case of *Spaulding Mfg. Co. v. Cooksey,* 34 Okla. 790, 127 Pac. 414, is one all fours with this case and decisive of it. *Spaulding Mfg. Co. v. Holiday,* 32 Okla. 823, 124 Pac. 35; *Burgess et al. v. Felix,* 42 Okla. 193, 140 Pac. 1180.

Defendants' defense is lacking in merit, and their conduct does not meet with favor before this court. For a party to use a buggy for two years, and then come into court and swear that it was absolutely worthless, is absurd, and for a jury to return a verdict to that effect is ridiculous. It might be possible that defendants were excusable in their failure to pay for the buggy, owing to a possible inability to pay; but there is no excuse for their failure to reply to plaintiffs' communications, and the abandonment of the buggy without notifying plaintiffs of the fact showed an utter disregard for the rights of plaintiffs.

For the reasons given, we recommend that the judgment of the trial court be reversed, and the cause remanded, with instructions to the trial court to enter judgment for plaintiffs as prayed, after allowing defendants a credit of $40, the amount the buggy sold for after plaintiffs obtained possession of the same. Plaintiffs should be allowed the further sum of $25 as an attorney fee, and all costs should be taxed against defendants.

By the Court: It is so ordered.