## TRIPP et al. v. DEUPREE et al.

No. 7568—Opinion Filed June 20, 1916.

Rehearing Denied July 12, 1916.

(158 Pac. 923.)

**1. Partnership—Receivers — Actions—Fictitious Name.**

The receivers of a partnership which had been doing business under a fictitious name without having complied with the provisions of section 4469, Revised Laws of 1910, are not for that reason precluded from maintaining a suit upon a cause of action which accrued to such partnership prior to the appointment of such receivers.

**2. Appeal and Error—Trial—Review—Findings of Court Conclusive.**

Where a cause is tried by the court without the intervention of a jury, and the finding of the court is general, such finding is a finding of each special thing necessary to sustain the general finding; and when there is evidence reasonably tending to support such general finding it is conclusive upon all doubtful and disputed questions of fact.

(Syllabus by Edwards, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by H. T. Deupree and another, receivers of the Standard Land & Loan Company, against H. F. Tripp and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

Gray & McVay and Nicholas & Lyle, for plaintiffs in error.

H. G. Oliver and Morgan & Deupree, for defendants in error.

Opinion by EDWARDS, C. This action, by H. T. Deupree and H. G. Oliver, receivers of the Standard Land & Loan Company, against H. F. and Florence M. Tripp, was commenced in the justice of the peace court of Oklahoma City, appealed to the district court, and from a judgment in favor of the plaintiffs below was appealed to this court. The part.es will be referred to as plaintiffs and defendants, as they appeared in the lower court.

The bill of particulars alleges in substance that the plaintiffs are receivers for the Standard Land & Loan Company, and were authorized to collect the assets of said company, among which was the cause of action sued upon herein, and alleges that the defendants were indebted to said Standard Land & Loan Company for a broker's commission in the sum of $200. The original answer filed by the defendants alleges in substance that the Standard Land & Loan Company was at the time the cause of action arose a partnership, doing business under a fictitious name, without having complied with the provisions of law with reference to persons doing business, as partners. under a fictitious name. To this answer a demurrer was sustained and the defendants filed a supplemental answer pleading a general denial and other matters not necessary to state. Exceptions were properly reserved to the sustaining of the demurrer to defendants' answer, and upon the trial the defendants objected to the introduction of any evidence, which objection was overruled and exceptions properly reserved. The case was tried to the court, without the intervention of a jury, and judgment rendered for the plaintiffs for the sum of $100.

Two grounds for reversal are urged by the defendants: (1) That the Standard Land & Loan Company, not having complied with the statute as to partnerships doing business under a fictitious name, was without authority to maintain this action and that the receivers of such partnership are also without authority to maintain this action; (2) that there is no evidence to sustain a judgment for the sum of $100.

As to the first reason assigned for reversal, the statutes (sections 4469 and 4471, Revised Laws of 1910), read as follows:

"4469. Except as otherwise provided in the next section, every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county or subdivision in which its principal place of business is stated (situated), a certificate, stating the names in full of all the members of such partnership, and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper published in an adjoining county."

"4471. The certificate filed with the clerk of the district court, provided in the second preceding section, must be signed by the partners and acknowledged before some officer authorized to take acknowledgments of conveyances of real property. Persons doing business as partners under a fictitious name, contrary to the provisions of this article, shall not maintain any action on or on account of any contracts made or transactions had in their partnership name in any court of this state, until they have first filed the certificate and made the publication herein required; provided, however, that if such partners shall at any time comply with the provisions of this article, then such partnership shall have the right to maintain an action on all such partnership contracts and transactions entered into prior to as well as after such compliance, and the disabilities imposed on partnerships for failure to comply with this article shall be thereby removed."

It will be observed from a reading of section 4471, supra, that the inhibition of the statute is to "persons doing business as partners under a fictitious name"; nothing is said as to the assignees, successors, or receivers of such parties. Then the question for determination is. Does such inhibition attach to such assignees, receivers, or successors? The defendants have cited, as authority against the right of an assignee to maintain such action, the case of Choctaw Lumber Company v. Gilmore, 11 Okla. 462, 68 Pac. 733, in which it is held, in the second paragraph of the syllabus, as follows:

"After the bringing of the suit, the plaintiff partnership assigned its interest to an individual member of plaintiff to continue the prosecution of the action. Since the Choctaw Lumber Company could assign no interest in the action other than that which they had at the beginning of the suit, and at the time, it had no right to maintain an action, and such a right could not be initiated by a subsequent sale and assignment to one of its members."

But we do not think that this case is in point, for the reason that in that case the assignment was evidently not made in good faith, but for the very purpose of avoiding the provision of the statute, and made, too, while the partnership was still in existence

and during the pendency of the action. The true rule seems to be that, where the assignment is made in good faith, the assignee will be permitted to maintain the action, although his assignor has not complied with the statute and filed the certificate and made the publication required.

In the case of Wing Ho v. Baldwin, 70 Cal. 194, 11 Pac. 565, it is said:

"The sole question in this case is whether or not the provision of the Civil Code to the effect that persons doing business as partners, contrary to the provisions of the article. * * * also precludes the assignee of such persons from maintaining an action thereon. It is claimed that it does, because of the general rule that the assignee of a chose in action acquires no greater rights than his assignor had. But the disability created by the statute is of a personal character, and, as applied to the partnership, operates only to abate the action. Byers v. Bourret, 64 Cal. 73 [28 Pac. 61]; Sweeny v. Stanford (Cal.) 6 Pac. 688. The partners may at any time remove the disability by complying with the provisions of the statute. But an assignee of such partners cannot do so, nor is there any mode by which he can compel them to remove it. The statute does not in terms apply to the assignee of such persons, and to extend it by construction to the assignee would be to place the latter in a worse position than his assignor; for, as already said, it would lay in the power of the partners to remove the disability, while their assignee could not do so. As the language of the statute does not include the latter, we do not think it should, by construction, be extended to them. Cheney v. Newberry [67 Cal. 126], 7 Pac. 445."

This court, in the case of Standard Sewing Machine Company v. New state Shirt and Overall Manufacturing Company, 42 Okla. 554, 141 Pac. 1111, has followed the same line of reasoning. In the latter case it is said:

"It seems clear that these sections (referring to sections 3905 and 3907) of the statutes do not inhibit such partnership from, in good faith, selling, or assigning, or otherwise transferring these properties or rights of action nor its successor in right, who takes the same in good faith, from bringing and maintaining such action; and we do not think the point urged by defendant against plaintiff's right to bring and maintain this action can be sustained."

If this be the correct rule as to assignees, and we believe it is, it would apply with equal or greater force to a receiver of such a partnership, for the reason that in the case of an assignment the partnership might still be in existence and be able to comply with the requirements of the law; but, in the case of a receiver, as in the instant case, a compliance with the law would be impossible by reason of the dissolution of the partner-

ship. We conclude that the sustaining of the demurrer to the original answer by the trial court was proper.

As to the second ground urged for reversal, that there is no evidence sustaining a judgment in the sum of $100, we have examined the record and find a conflict in the evidence as to the amount of commission due under the contract between the Standard Land & Loan Company and the defendants. This arises by reason of a difference in the valuation placed upon the property by the witnesses, and we are not prepared to say that the court was without evidence to warrant a judgment in the sum of $100.

Finding no error in the record which would warrant a reversal, the action will be affirmed.

By the Court: It is so ordered.