## JACKSON v. BATES.

No. 8300.—Opinion Filed Feb. 5, 1918.

(170 Pac. 897.)

1. **Appeal and Error—Trial — Trial by Court — Finding — Conclusiveness.**

Where a cause is tried by a court without the intervention of a jury and the finding of the court is general, such finding is a finding of each special thing necessary to sustain the general finding; and, when there is evidence reasonably tending to support such general finding, it is conclusive upon all doubtful and disputed questions of fact.

2. **Sales—Express Warranty of Quality— Reliance.**

Where the contract of sale or exchange is accompanied by express warranty of quality, the purchaser is not bound to exercise his judgment or skill, but may rely on his warranty.

3. **Same—Breach of Express Warranty— Measure of Damages.**

Where one person trades another a mule with a warranty that the same was "sound and well," and such warranty was relied upon, and the mule accepted, and it died the day following, under such circumstances that the court or jury might have found that there was a breach of warranty, the measure of damages for such breach would be the value of the mule at the time of the delivery if it had been as warranted.

(Syllabus by West, C.)

Error from County Court, Seminole County; A. S. Norvell, Judge.

Action by Charles T. Bates against C. P. Jackson. From a judgment of the county court for plaintiff, on appeal from a verdict in justice court for plaintiff, defendant brings error. Affirmed.

H. H. Smith, for plaintiff in error.

Pryor & Stokes, for defendant in error.

Opinion by WEST, C. This cause was originally instituted by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, in the justice court of Konowa justice district of Seminole county, Okla., to recover the sum of $180, which defendant in error claims that he had been damaged by reason of a breach of warranty in a mule trade. Cause was tried, verdict rendered in favor of plaintiff; thereupon same was appealed to the county court of Seminole county, and on the 2nd day of November, 1915, cause was tried to the court, a jury having been waived, and a judgment for $180 rendered in favor of plaintiff, to review which, plaintiff in error perfected his appeal. The parties will be referred to as they appeared in the court below.

There are a number of assignments of errors, but all going to the sufficiency of the evidence to sustain the finding of the court, and may be considered under two heads: (1) Was the evidence sufficient to sustain the finding of the court upon the issue in favor of plaintiff; and (2) was the amount of the judgment rendered by the court sustained by the evidence?

The evidence tends to show that on the 7th day of January, 1914, the parties made a mule trade, plaintiff trading defendant one mule for another, agreeing to pay $45 to boot. The mules to be exchanged and delivery completed at Maud, Okla., on the next day, and that the mule which defendant was to deliver to the plaintiff was warranted to be sound and well on the date of the delivery. That the mule was delivered by the agent of the defendant at Maud on the next day, and the day following, died.

It is contended by plaintiff that there was a breach of warranty which was denied by the defendant, and upon this issue the cause was tried, and a general verdict rendered in favor of the plaintiff for the sum of $180, which amount the plaintiff claimed that he had been damaged by reason of the breach of warranty of the contract. There is some difference in the testimony as to where the trade was consummated or completed. There is evidence that fairly supports the contention of plaintiff that there was a warranty and a breach thereof, and that the mule, if in sound and healthy condition, was reasonably worth the sum of $225, and that the damages sustained was the amount of the verdict or judgment rendered, the value of the mule less $45 which plaintiff had agreed to give to boot.

In the case of Tripp et al. v. Duepree et al., 60 Okla. 47, 158 Pac. 923, the second paragraph of the syllabus is as follows:

"Where a cause is tried by the court without the intervention of a jury, and the find-

ing of the court is general, such finding is a finding of each special thing necessary to sustain the general finding; and when there is evidence reasonably tending to support such general finding, it is conclusive upon all doubtful and disputed questions of fact."

There was evidence in this case tending to show that there was a warranty on the part of the defendant as claimed by the plaintiff, and that there was a breach of such warranty.

In Frey v. Failes, 37 Okla. 297, 132 Pac. 342, the first paragraph of the syllabus is as follows:

"The fact that the purchaser had an opportunity to examine the carriage and in fact made a partial inspection, but without discovery of the defect, where the contract of sale is accompanied by an express warranty of quality, does not necessarily do away with the effect of the warranty. He is not bound to exercise his judgment or skill, but may rely on his warranty."

As to the measure of damages, there was evidence which tended to show that the mule traded by defendant to plaintiff was worth $225 if he had been sound and well as claimed for him.

In case of Spaulding et al. v. Howard et al., 51 Okla. 502, 152 Pac. 106, the third paragraph of the syllabus is as follows:

"When a person purchases an article under a certain warranty, and the article fails to comply with the warranty, the purchaser has two remedies: (1) He can return the article within a reasonable time after learning of the breach of warranty and sue for a cancellation of the contract. (2) He can retain the article and recover the difference between the actual value of the article at the time of the purchase, and what its value would have been if it had been as represented."

We are therefore compelled to hold that plaintiff was entitled to recover the value of the mule, less the $45 which he agreed to pay to boot, which would make the amount of $180 the amount of damages sustained by him.

Finding no error in the judgment of the court below, the same is therefore affirmed.

By the Court: It is so ordered.