## LAWTON REFINING CO. v. HOLLISTER.

No. 10573—Opinion Filed Jan. 24, 1922.

Rehearing Denied April 4, 1922.

(Syllabus.)

1. **Sales—Breach of Warranty—Elements of Damage—Prospective Profits.**

Profits or gains prevented may be recovered in an action for breach of warranty, where they can be rendered reasonably certain by evidence, and have naturally resulted from the breach.

2. **Appeal and Error—Review—Verdict—Sufficiency of Evidence.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the

instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

### 3. Same—Affirmance.

Record examined, and held, that there was no reversible error in the record, and ordered that the judgment of the trial court be affirmed.

### On Rehearing.

### 4. Sales—Breach of Warranty—Latent Defects—Damages—Loss of Profits.

In the sale of goods, the rule that there can be no recoupment for consequential damages resulting from continued use after knowledge of defects does not have application as a rule of damages where the defects are not discoverable to the senses, in other words, patent, and can only be discovered upon use, and where the purchaser has received said goods without knowing said defects and upon discovering said defects notifies the seller and offers to return same at his own expense, and which return the seller refuses, and, besides, the seller knows that goods are bought for resale and has in addition thereto warranted the quality of the goods; under such circumstances the buyer may make disposition of said goods to the best of his advantage and that of the seller, and is entitled to recover, not only the difference in the value of the goods purchased and the value of the goods as delivered, but may also recover consequential damages resulting from the defective condition of said goods, among which may be loss of profits, and that is the proximate result of said defects and that may be reasonably ascertainable under the facts and circumstances.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by the Lawton Refining Company against S. L. Hollister for purchase price of gasoline; cross-petition by defendant for damages for breach of warranty. Judgment for defendant, and plaintiff brings error. Affirmed.

Parmenter & Parmenter, for plaintiff in error.

Bridges & Vertrees and W. D. Hereford, for defendant in error.

McNEILL, J. This action was commenced in the district court of Jefferson county by the Lawton Refining Company against S. L. Hollister to recover the sum of $301.49, a balance due for a car of gasoline sold by the plaintiff to the defendant. The defendant answered, admitting purchasing the gasoline and having paid the sum of $850 thereon, and pleaded that the gasoline was purchased according to a sample that had been placed in defendant's car and represented as being a high grade gasoline, and the defendant had paid plaintiff more than the value of the gasoline, and the same was not a high grade gasoline. For cross-petition defendant pleaded being in the mercantile business at Addington, Okla., and engaged in selling gasoline at retail, and that the gasoline purchased from plaintiff was of such an inferior grade that it could not be used in automobiles, and defendant's customers refused to use said gasoline on account of being of such inferior grade, and the customers quit trading with defendant and defendant was obliged to sell said gasoline at a reduced price, and defendant had been damaged in the sum of $1,000.

To this answer and classification the plaintiff replied, first, by general denial; second, admitted the allegations of the answer which admitted the allegations of the petition; third, specifically denied the selling of the gasoline by sample, and alleged that the defendant knew the gasoline was of an inferior grade; fourth, that plaintiff had furnished a higher grade of gasoline than that contracted for. Defendant, to support her cross-petition and counterclaim and as a denial that there was anything due, produced evidence to support the allegations of the answer and cross-petition that the gasoline was of a very inferior grade and almost impossible to be used in running automobiles, and that her customers would not purchase the same, and she was unable to sell the same for a long time, and it was necessary to sell the same at a greatly reduced price. Several customers testified that they had been customers of the defendant, but the gasoline was of such inferior grade that they were unable to use it, and refused to purchase gas from the defendant and they purchased gas from other places.

The plaintiff introduced evidence regarding the grade of gasoline. With the issues thus framed the jury returned, a verdict in favor of the defendant, cancelling the $301.49 due plaintiff and authorizing judgment in favor of the defendant in the sum of $200. From said judgment, the plaintiff has appealed.

For reversal, plaintiff argues numerous assignments of error regarding the admission of testimony and the giving of instructions and the refusal to give certain instructions requested by the plaintiff. The court, after advising the jury, regarding the burden of proof in relation to whether there was a warranty in the fifth instruction. advised the jury in substance if the jury found the defendant had sustained damages

by reason of the inferiority of said gasoline, her measure of damages would be the difference in the profits she would have received from the sale of the car of gasoline if the same had been of the grade and quality represented at the time of the sale and the profits she received from the car of gasoline by reason of its inferior quality, together with the amount, if any, by virtue of inferior quality defendant was forced to sell said gasoline below the purchase price. There is evidence in the record sufficient to support the finding that the gasoline was of an inferior quality. The evidence disclosed that it was contemplated by the parties that the defendant should resell the gasoline, and it was purchased for retail trade, and the only market was to users of automobiles. There was evidence to prove that parties who had purchased this gasoline refused to purchase more gasoline because of its inferior quality, and the defendant was required to sell same at a reduced price.

*Plaintiff relies upon the general rule as to the measure of damages announced in the case of Spaulding v. Howard, 51 Okla. 502, 152 Pac. 106 to wit:* Damages for breach of warranty are:

"The difference between the actual value of the article at the time of the purchase and what its value would have been if it had been as represented"

—*and the further proposition that profits cannot be recovered.* The plaintiff simply announces the general rule. There is, however, an exception to the general rule, and we think this case comes within that exception. This rule is announced in 24 R. C. L., paragraph 538, as follows:

"Profits or gains prevented, as well as losses sustained, may be recovered as damages for a breach of contract, where they can be rendered reasonably certain by evidence, and have naturally resulted from the breach, and this rule is applied as to damages for breach of a warranty."

To the same effect is the holding of this court in the case of Muskogee Co. v. Yahola Sand Co., 60 Okla. 196, 159 Pac. 898. Defendant produced sufficient evidence to show the damages sustained were not speculative nor uncertain.

Defendant admits receiving the gas and placing the same in tanks for the purpose of sale, and urges that after customers had used a portion of the same they complained to defendant regarding the same being of such inferior quality that they could not use the same. Defendant states this fact was called to the attention of the plaintiff, while the plaintiff denies this. Defendant produced evidence that after trying to sell the gasoline and being unable to do so, it was necessary to reduce the price. Defendant produced one customer who purchased a great deal of gasoline each month, and the profits on that gasoline were three cents per gallon, and this customer quit purchasing for the reason this gas was of such an inferior quality that he could not use it. No demurrer was filed to the cross-petition, but simply an answer thereto. We think under the pleadings there was no prejudicial error in the instruction, and there was sufficient evidence to support the verdict of the jury.

A determination of this question makes the other assignment of error, regarding the introduction of evidence and regarding the other instruction, immaterial.

For the reasons stated, the judgment of the court is affirmed.

PITCHFORD, V. C. J., and KANE, JOHNSON, ELTING, and NICHOLSON, JJ., concur.

### On Rehearing.

ELTING, J. Opinion was heretofore filed in this case on January 24, 1922, in which the judgment of the trial court was affirmed, and the plaintiff in error filed a petition for rehearing herein in which it strenuously objects to what it calls a "rule of damages" which this court recognizes in said opinion in upholding the trial court in this, to wit; That the plaintiff, after selling to her customers the inferior grade of oil, was permitted to prove injury to her trade by reason thereof and recover the same as damages against the defendant company, and which rule of damages it claims to have been in contravention of the principle laid down in 35 Cyc. 547 in the following language:

"Consequential damages resulting from continued use after knowledge of defects cannot be recovered"

—and then the plaintiff, in its brief, says if the court will say that this is a correct rule of law, then the plaintiff in error will abide by the results and enter no complaint.

The court has no objection to this rule of damages, and it is, no doubt, good law when applied to a proper state of facts. The rule of law announced by the plaintiff in error applies where the defects are discoverable to the senses and upon inspection and where at the time of the attempted delivery the purchaser has the option of refusing to take

the goods. Under such circumstances he cannot recover consequential damages such as a loss of profits if he does accept them; but that is not this case.

The attorneys for the plaintiff in error in quoting the above provisions from 35 Cyc. only give a portion of the paragraph. The whole paragraph of the section has application in this case, and the same in full is as follows:

"Defendant may also in such an action plead damages due to a default in the performance of the contract by the seller, as, for example, a failure to deliver the goods contracted for, or delay in delivery, or deficiency in quantity, or quality, fitness, and condition, even when the goods have been accepted and used, especially if the defects are discoverable only by use. There can, however, be no recoupment for consequential damages resulting from continued use after knowledge of defects. The fact that there has been a partial payment does not affect the right to recoup."

The correct rule of law applicable to the facts in the instant case is stated as follows in 35 Cyc. 617-18, together with the authorities shown in the notes, and is as follows:

"Delivery of Inferior Goods. If the goods tendered or delivered are not of the kind or quality contracted for, the buyer may refuse to receive them and sue for damages for breach of the contract; but if the goods are delivered and accepted, there is a direct conflict of authority as to the right of the buyer to recover damages on the ground that they do not conform to the contract. In some cases it is held that it is the duty of the buyer to inspect the goods at the time of delivery, or within a reasonable time, according to the circumstances of the case, and that in the absence of fraud or warranty he cannot subsequently recover damages for breach of contract on the ground of defects, unless the goods are rejected at the time of delivery, or are returned or tendered as soon as the defects are discovered. The rule is, however, subject to certain exceptions, and is more particularly applicable to cases where no part of the purchase price has been paid and the buyer is in a position to reject the goods without sustaining any loss other than what might grow out of the difference between the contract and the market prices. In the application of the rule a distinction is also to be made according to the character of the defect and the opportunity of the buyer to discover it; and while the buyer cannot ordinarily recover for defects of which he knows or which he could have ascertained by inspection, he may recover for defects which could not be ascertained upon ordinary inspection at the time of delivery, or which are not apparent, until the goods are applied to some use which precludes a return thereof, such as a defect in paint not apparent until it is applied upon a house, or in coal not apparent until the coal is burned. In other cases, however, it is held that while an acceptance or retention of the defective goods would preclude a rescission, the buyer may accept and retain them and sue for damages because of such defects, and that the acceptance is without effect except as evidence that the goods were not defective or that the defect was waived."

In the instant case, the quality of the product sold, the gasoline, was not discoverable to the senses and upon mere inspection, and the defects were only discoverable after the gasoline was received and tested by use. The facts show that the defendant in error, plaintiff below, upon discovery of the defective quality of the gasoline, notified the seller and offered to return the gasoline at her expense, and this was refused. What else was the purchaser to do, except either pour out the gasoline and let it run to waste or dispose of it if she could? And this she did at a greatly reduced price.

The seller was at fault in the first instance in selling the defective gasoline, the quality of which was warranted by such seller, and the seller knew, besides, that it was purchased for the purpose of resale. The second fault of the seller was in refusing to receive back a return of this oil or make disposition of it satisfactory to the plaintiff after plaintiff had discovered the defective quality and made offer to return the gasoline.

This court sees no reason to reverse the former opinion in this case; the petition for rehearing is, therefore, overruled.

HARRISON, C. J., PITCHFORD, V. C. J., and McNEILL and NICHOLSON, JJ., concur.