[S. F. No. 13124. In Bank.—December 31, 1930.]

O. F. SMITH et al., Respondents, v. MILLIE C. LEWIS et al., Appellants.

Milton S. Hamilton and Mark R. Averill for Appellants.

Donahue, Hynes & Hamlin for Respondents.

SHENK, J.—In July, 1925, Millie C. Lewis, defendant herein, commenced an action as a minority stockholder of the Borch Radio Corporation and on behalf of said corporation against O. F. Smith, F. O. Howe, E. L. Kirk, George E. Sheldon and Max Lowenthal to compel said defendants as directors of said corporation to pay to the corporation the sum of $9,500 alleged to have been the value of certain property and assets wrongfully withdrawn from said corporation and delivered to another stockholder contrary to the provisions of section 309 of the Civil Code. Said corporation was alleged to be a corporation organized and existing under and by virtue of the laws of the state of California and was made a party defendant in said action under an allegation that it was controlled by the defendant directors and it would be futile for the plaintiff therein to make a demand on said corporation to commence said or any action against said defendants and therefore the plaintiff initiated said action on behalf of said corporation. The defendants therein named, except the defendants Lowenthal and the corporation, answered to the merits but did not allege in their answer, nor otherwise contend or show in said action, that said corporation at the time of the commencement of said action was under the disability of suspension of its powers by reason of the failure to pay its corporation license tax for the year 1923 as required by the Corporation License Act of 1915 as amended in 1917 (Stats. 1917, p. 371). Upon the trial of that action oral and documentary evidence was introduced. The court found the facts and rendered judgment in favor of the plaintiff, Millie C. Lewis, and against the answering defendants and ordered, adjudged and decreed that the Borch Radio Corporation have judgment against said defendants for the sum of $9,500, interest and costs. This judgment became final in January, 1927.

On March 25, 1927, the plaintiffs herein, defendants in the former action, commenced the present action against Millie C. Lewis and the sheriff of Alameda County to set aside the judgment in the former action, to quash the execution issued thereunder and to enjoin the enforcement thereof, on the ground that said judgment was void for the reason that at the time the former action was commenced the Borch Radio Corporation was under suspension of its corporate rights, privileges and powers for failure to pay its license tax for the year 1923, and that notwithstanding such suspension said Millie C. Lewis, as agent for and on behalf of said corporation, commenced said action and prosecuted the same to judgment.

Upon the filing of the complaint in the present action the plaintiffs applied to the court for a temporary injunction. An order was issued requiring the defendants herein to show cause on a day certain why the temporary injunction should not issue as prayed. As a return to the order to show cause the defendants filed a general and special demurrer to the complaint and in a separate document, signed only by the attorney for the defendants, charged also that the complaint in the present action did not state facts sufficient to authorize the issuance of an injunction and presented as a part of the return the answer of the plaintiffs to the complaint and the findings of fact and conclusions of law in the former action. The temporary injunction was issued and the cause came on for trial. It was thereafter stipulated in open court that the plaintiffs' right to a permanent injunction might be submitted on the demurrer to the complaint and on the application for a temporary injunction and the return thereto and that the court might enter judgment after argument thereon. Thereafter the court overruled the demurrer and found that "all of the allegations of the plaintiffs' complaint are true", concluded that the plaintiffs were entitled to the relief prayed for and rendered its judgment of injunction accordingly. This appeal is from that judgment. The record is presented on the judgment-roll and a bill of exceptions.

The judgment-roll is in the usual form. To the complaint are attached a copy of the complaint and the judgment in the former action. The special demurrer charges uncertainty in that it does not appear on the face of the complaint whether the plaintiffs herein pleaded as a defense in

the former action the fact that the Borch Radio Corporation was under suspension of its powers when the former action was commenced or what, if any, defense was pleaded in the former action.

The bill of exceptions sets forth merely a copy of the order to show cause and the return thereto and recites the stipulation above referred to. The only specifications of error are the following: 1. The evidence is insufficient to support the findings that all of the allegations of the complaint are true; and 2, the evidence is insufficient to justify the finding that the plaintiffs are entitled to the relief prayed for in the complaint. The foregoing state of the record is set forth in detail in order to show the limitations thus placed by the appellant upon our inquiry on this appeal.

As to the first specification of error there is no fact or other showing in the record to rebut the truthfulness of the allegations of fact in the complaint. In fact the demurrer upon which the cause was in part submitted on the merits admitted the truth of those facts and the demurrer was properly overruled. Assuming that the attack therein made on the former judgment was collateral, such a judgment may be collaterally impeached by a showing that, by reason of the license statute, the corporation had no legal right to commence the action. (*Livermore* v. *Ratti*, 150 Cal. 458 [89 Pac. 327]; *Crossman* v. *Vivienda Water Co.*, 150 Cal. 575 [89 Pac. 335]; 15 Cal. Jur., p. 89.)

And a stockholder suing on behalf of the corporation, as in this case, has no greater right or standing as plaintiff than the corporation would have had if the corporation itself had been plaintiff. The stockholder stands in the shoes of the corporation. He is the mere nominal plaintiff and the corporation is the real party in interest and if the corporation is not in position to attack the transaction, the stockholder may not. (*Turner* v. *Markham*, 155 Cal. 562 [102 Pac. 272]; 6 Cal. Jur., p. 865, and cases cited.)

The second specification of error, viz., that the evidence is insufficient to justify the finding that the plaintiffs are entitled to the relief prayed for in the complaint, might readily be dismissed as an insufficient specification of error, first, because the record contains no finding of that purport

or effect, and secondly, if such a finding were made it would. be misplaced and constitute a conclusion of law. However, assuming this specification to be sufficient to raise the point the defendants assume thereunder to argue a question of estoppel against the plaintiffs by reason of their failure to allege in their answer, or otherwise disclose in the former action, that the corporation was under the disability of the statute at the time said action was commenced. Estoppel was not an issue presented to the court in the present action as disclosed by documents incorporated in the record, and the argument on the demurrer and the order to show cause is not included therein. The defendants argue with great earnestness that the plaintiffs are guilty of fraud in permitting the payment of the license tax to become delinquent and in not alleging the disability of the corporation in their answer in the former action. ▮ Fraud is never presumed. When it constitutes an element of defense it must be pleaded. (12 Cal. Jur., p. 800, and cases cited.) Certainly the issue of fraud was not presented in the demurrer to the complaint and the return to the order to show cause did not otherwise charge it. The trial court was therefore without power to find it as a fact. If the defendants relied upon it they should have filed an answer presenting the issue, which was not done. If that had been done there may have been a defense to the charge. ▮ On the record now presented fraud may not therefore be inferred, and inasmuch as the defendants did not tender the issue of fraud or estoppel to the trial court, there was nothing before that court upon which to base a finding on that subject and the defendants are in no position on this appeal to urge the point.

▮ The defendants further contend that said license tax law, which has since been repealed (Stats. 1927, p. 396), was unconstitutional. This court, in *Perkins Mfg. Co.* v. *Jordan*, 200 Cal. 667 [254 Pac. 551], held the act unconstitutional as applied to foreign corporations, and it is argued that the decision in that case is applicable in principle to the imposition of license taxes upon domestic corporations; and that although the provisions of the act relating to license tax on domestic and foreign corporations were severable, the elimination from the act of the requirement of payment on the part of foreign corporations rendered that part of the

act applicable to domestic corporations obnoxious to section 15 of article XII of the state Constitution, which provides that no foreign corporation shall be allowed to transact business within this state on more favorable conditions than are prescribed by law to similar corporations under the laws of this state. In the Perkins Mfg. Co. case this court felt impelled, in view of recent pronouncements by the Supreme Court of the United States, to hold that the provisions of the license tax relating to foreign corporations were invalid as constituting a burden on interstate commerce, and as a tax on property beyond the state's jurisdiction, contrary to the Fourteenth Amendment. But it would be going too far to hold that the state of California is powerless to require the payment of a revenue license tax by a domestic corporation merely because it is powerless to enforce a like measure on property beyond its jurisdiction. We are satisfied that the situation thus presented is not one contemplated by the section of our state Constitution invoked by the defendants.

■ Reduced to its lowest terms this controversy is one wherein a judgment is sought to be set aside on the ground that the court was without jurisdiction to enter the same. While it may be said that the judgment on its face did not disclose that the corporation was without power to sue or to have suit brought on its behalf, nevertheless jurisdiction thus appearing was only apparent (*Bennett* v. *Wilson*, 133 Cal. 379 [85 Am. St. Rep. 207, 65 Pac. 880]), and it may always be shown even collaterally that a corporation had no legal existence when the action was commenced. (*Crossman* v. *Vivienda Water Co., supra.*) The same rule would be applicable where the corporation had, as here under the statute, no power to sue.

■ It is argued in the briefs of defendants' counsel that even if the disability of the corporation existed at the time the former action was commenced, such disability was removed by restoration to capacity before the issuance of the execution on the judgment and therefore the injunction should not have been granted. There are two answers to this argument. First, there is nothing in the record upon which to base it, and, secondly, if a revival later occurred, such revival would not have the effect of validating the acts attempted during the period of suspension. (*Ransome-*

*Crummey Co.* v. *Superior Court*, 188 Cal. 393 [205 Pac. 446].)

Other points discussed in the briefs do not merit specific mention.

The judgment is affirmed.

Richards, J., Seawell, J., and Waste, C. J., concurred.

CURTIS, J., Dissenting.—I am unable to agree with the views expressed in the majority opinion. The judgment in the original action was recovered in a suit instituted by a stockholder against the directors of said corporation for the illegal and unlawful payment of certain assets of the corporation contrary to the provisions of section 309 of the Civil Code. Said action was, therefore, not instituted nor maintained by the corporation but by a stockholder thereof. It is true that the general rule is that stockholders in suits of this nature brought under section 309 of the Civil Code, can maintain only such actions as the corporation could have maintained and prosecuted. This was so held in the case of *Turner* v. *Markham*, 155 Cal. 562 [102 Pac. 272, 275], cited in the majority opinion and other cases relied upon in the text of 6 California Jurisprudence, p. 865, also cited. But these cases discussed and they involved merely the nature and character of the liability which the stockholders therein were seeking to enforce, and they do not in any way involve a case like the one now before us in which the nature and character of the action is such that the corporation could in the first instance have instituted the action but thereafter, by reason of its failure to pay its license tax, it was disabled from bringing such or any action whatever. This is made clear from the following language in the opinion of *Turner* v. *Markham, supra:*

"At the threshold of this inquiry, however, it is proper to pause to point out what is the exact nature of the action before us. In its essence, it is an action brought by the corporation itself to recover redress for some legal wrong which the corporation itself has suffered. To prevent a failure of justice, as where the governing board of directors or trustees of the corporation refuses to prosecute such an action, the law permits a stockholder to begin and

maintain it on behalf of the corporation. But the fact that a stockholder is the nominal plaintiff in such an action, whether he prosecutes it as an individual stockholder or as a representative of a class of disaffected stockholders, does not in any manner, or to the slightest extent, enlarge the rights and remedies of the action. The action must still be founded upon some wrong which the corporation, as a corporation, has suffered, and for which, if itself were plaintiff, it could secure legal or equitable redress. Therefore, if the evidence shall establish that the corporation itself has suffered no wrong, cognizable either at law or in equity, it will matter not how just and how grievous may be the complaint of the individual stockholder, nor how complete may be the proof of his personal loss, damage, or injury. In this action on behalf of the corporation no recovery can be had, and the stockholder will be compelled to proceed by his individual action to obtain a personal recovery.''

Nothing is said in the opinion in that case, nor in any of the other cases cited in California Jurisprudence, *supra,* nor in any case to which our attention has been called, which would justify the holding of the majority opinion that when the facts show that the corporation has sustained a loss under such circumstances that a cause of action to recover such loss is given to the corporation and to stockholders, and the corporation thereafter suffers a disability which would prevent it from recovering for said loss, that said disability to prosecute said action also attaches to the stockholders, and they are thereby prevented from recovering said loss.

The act of 1917 (Stats. 1917, p. 371) requiring domestic corporations to pay an annual license tax, and upon their failure to do so as required therein, providing that the rights, privileges and powers of such corporation shall be suspended and incapable of being exercised for any purpose, except as therein provided, does not purport to suspend or in any manner to deal with the rights of stockholders to act or to institute proper actions for the protection of the property of the corporation. To extend the provisions of this act to stockholders of a corporation whose directors have unlawfully and illegally disposed of corporate property, is not warranted by the provisions of said act nor by any rule

of statutory construction. On the other hand, such rules of statutory construction hold directly to the contrary. The statute of 1917 above mentioned provides for a forfeiture and is penal in its application: It should, therefore, receive a strict construction and be held to be applicable only to include such subjects as are directly covered thereby.

A somewhat analogous situation was before the court when it was called upon to construe section 2468 of the Civil Code. This section when first enacted provided that no fictitious copartnership failing to comply with its provisions requiring the publication and filing of a certificate stating the name in full of the persons forming said copartnership, shall maintain any action upon or on account of any contract or transaction had in such fictitious name. The inhibition contained in said section did not apply at that time to assignees of such fictitious copartnership and it was held that an action could be maintained by such assignee. (*Cheney* v. *Newberry & Co.*, 67 Cal. 126 [7 Pac. 445], *Wing Ho* v. *Baldwin*, 70 Cal. 194 [11 Pac. 565], and *Quan Wye* v. *Chin Lin Hee*, 123 Cal. 185 [55 Pac. 783].) In the Wing Ho case the court said, "As the language of the statute (section 2468 of the Civil Code) does not include the latter (the assignees) we do not think it should by construction be extended to them." So with the statute of 1917. It does not purport to include stockholders, and to extend it to them would be against settled and approved rules of statutory construction.

Langdon, J., concurred.